IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQUEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICARDO ESQUIVEL, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, MARIA GUADALUPE VILLARREAL SILVA, KARINA MEDINA, RAFAELA RIVERA, ALICE FERNANDA CASTRO, ALEJANDRO RANGEL, GERALD WENDLE, III, MARIA VANTA, AND MARIA RODRIGUEZ, INDIVIDUALLY,<br>　　　Plaintiffs,<br>v.<br>DELIA GARZA A/K/A DELIA LUBIN, SOFIA LUBIN A/KA SOFIA TREVINO, LORENA LUBIN, ALEJANDRO TREVINO, AND JUAN GARZA,<br>　　　Defendants. | CASE NO. 7:25-CV-00015 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Sofia Lubin ("Sofia") and Lorena Lubin ("Lorena") (collectively, "Defendants") hereby file this Notice of Removal of the state court action styled *Juana Cruz et. al v. Delia Garza a/k/a Delia Lubin, et al*, Cause No. C-4581-24-C in the 139th Judicial District of Hidalgo County, Texas, pursuant to 28 U.S.C. § 1441(a) as grounds for removal and would show the Court as follows:

1

17029099v1

## I.     BACKGROUND

1. This lawsuit arises from a dispute concerning various aspects of the employment status of Plaintiffs Juana Cruz, Ofelia Benavides, Jose Elias Ng, Gabriela Velazquez, Ricardo Gonzalo, Melesio Cruz, Angelica Chavez, Concepcion Perez, Olga Perez, Maurico Sanchez, Jorge Mauleon, Hector Sanchez, Hector Gonzalez, Yessy Perez Martinez, Maria De Lourdes Cruz, Resendo Lievanos, Elizabeth Lara, Luis Alberto Zuniga Castillo, Miguel Caballero Sanchez, Guillermo De La Cruz Mendoza, Carlos Daniel Lopez, Gilda Rivas, Armando Morales De Llano, Lazaro Garcia, Maria De Jesus Medina, Ricardo Esquivel, Rafael Sanchez, Guillermo Ruiz, Rosa Quintanilla, Maria Guadalupe Villarreal Silva, Karina Medina, Rafaela Rivera, Alice Fernanda Castro, Alejandro Rangel, Gerald Wendle, III, Maria Vanta, and Maria Rodriguez (collectively, "Plaintiffs").

2. Specifically, Plaintiffs allege that they did not have proper work authorization status in the United States, were provided counterfeit government documents by Defendants to work for Defendants, did not receive social security benefits while employed by Defendants' entity despite payroll taxes being deducted from their paychecks, and were terminated due to their citizenship/immigration status. As a result, Plaintiffs filed their Original Petition (**Exhibit B**) which was never served on any Defendant. Defendants Sofia and Lorena were served with Plaintiffs' First Amended Original Petition (**Exhibit C**) on December 10, 2024. The First Amended Original Petition was filed on October 4, 2024, Cause No. C-4581-24-C in the 139th Judicial District of Hidalgo County, Texas (the "State Court Action"). In their First Amended Petition, Plaintiffs brought claims relating to citizenship or immigration status, payroll taxes, human trafficking, and exploitation of undocumented individuals and federal government records. *See* Pls.' First Am. Pet. at 9–11.

17029099v1

3. This Notice is timely filed, as it is being filed within thirty (30) days of Defendants' receipt of the initial pleading setting forth the claims for relief, and within thirty (30) days of service of process, as required by 28 U.S.C. § 1446(b). Defendants have computed time pursuant to Federal Rule of Civil Procedure ("FRCP") 6(a). Additionally, pursuant to 28 U.S.C. § 1446(b), Defendants Sofia and Lorena join in to the removal of the State Court Action.

## II.   PROCEDURAL MATTERS

4. The procedural requirements for removal set forth in 28 U.S.C. § 1446 are satisfied. In accordance with Section 1446 and the Local Rules for the Southern District of Texas, attached to this Notice of Removal are the following documents:

    a. All executed process in the State Court Action (**Exhibit A**);

    b. All pleadings filed in the State Court Action, including:

        i. Plaintiffs' Original Petition (**Exhibit B**);

        ii. Plaintiffs' First Amended Petition (**Exhibit C**);

        iii. Defendant's Original Answer (**Exhibit D**);

    c. A copy of the docket sheet from the State Court Action (**Exhibit E**);

    d. An index of matters being filed (**Exhibit F**);

    e. A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit G**).

5. Upon filing this Notice of Removal, the Defendants will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

6. By virtue of this Notice of Removal, Defendants do not waive their right to assert any jurisdictional claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

### III.  BASIS FOR REMOVAL

7. The basis for removal is federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions that arise under the Constitution, laws, or treaties of the United States.

8. Plaintiffs allege that "Defendants would hire undocumented individuals[,] supply them with fake social security cards and fake permanent resident cards; then deducted weekly from their pay social security and payroll deductions. These deductions continued until Plaintiffs were terminated. *Defendants terminated Plaintiffs due to their legal status*; their status was fully known by Defendants and management staff." Pls.' Pet. at 6.

9. While Defendants deny these allegations, Plaintiffs' pleadings establish that these allegations are based on an alleged retaliation by Defendants based on Plaintiffs' citizenship or immigration status. These allegations could have been originally filed in this Court pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiffs' claims are governed by federal statutes over which this Court has original jurisdiction. *See* 28 U.S.C. § 1331.

10. Additionally, Plaintiffs assert that Defendants allegedly committed fraud/fraudulent concealment and exploited undocumented individuals/government records because "Defendants furnished fake social security cards to Plaintiffs," "Plaintiffs were being provided with false documents to commit fraud," "Defendants authorized the deduction of social security and payroll taxes from Plaintiffs' weekly paycheck," "Delia's would deduct social security taxes from Plaintiffs' pay, knowing that the social security number was fake, and would not match," "[Plaintiffs] sought social security benefits only to be informed/discover their social security numbers were invalid and did not match their name" and in turn, "Defendants accumulate[d] hundreds of thousands of ill-gotten dollars. . . ." Pls.' Pet. at 5–6, 8–9.

11. Although Defendants deny these allegations or that Plaintiffs have standing to bring such allegations, Plaintiffs' pleadings establish that this action should have been originally filed in this Court pursuant to the Internal Revenue Code ("I.R.C."), Title 26 § 7422, the Federal Insurance Contribution Act ("FICA"), codified at 26 U.S.C. § 3102, or under 42 U.S.C. § 1383(a). Specifically, Plaintiffs' assertions that Defendants allegedly committed common law fraud/fraudulent concealment by inappropriately withholding payroll taxes is preempted because I.R.C. § 7422 "limits taxpayers' ability to sue for the recovery of any tax alleged to have been erroneously assessed or collected." *See Glanville v. Dupar, Inc.*, 727 F. Supp. 2d 596, 603 (S.D. Tex. 2010) (holding that the plaintiffs' common-law claim against defendants for a breach of fiduciary duty to withhold payroll taxes is preempted by the Internal Revenue Service regulations because allowing such state-law claims to proceed would "interfere with the IRS's administrative scheme for handling such disputes"). Plaintiffs' claims are governed by federal statutes over which this Court has original jurisdiction. *See* 28 U.S.C. § 1331.

12. Furthermore, Plaintiffs allege that "[t]his case involves human trafficking, exploitation of undocumented people for personal gain . . . exploitation of government documents, tampering with government documents, abuse of working conditions, and a case of working in a sweatbox and a form of involuntary servitude." Pls.' Pet. at 4. Furthermore, Plaintiffs allege that "[E]mployers . . . supply people with false documents to commit fraud on Homeland Security." *Id*.

13. Defendants vehemently deny these allegations and that Plaintiffs have standing to bring such actions. However, Plaintiffs' pleadings establish that this action could have been originally filed in this Court pursuant to Title 18 of the U.S. Code, including but not limited to,

17029099v1

Chapters 47 and 77. *See* 18 U.S.C. §§ 1028, 1584, 1590. Plaintiffs' claims are governed by federal statutes over which this Court has original jurisdiction. *See* 28 U.S.C. § 1331.

14. Defendants deny that Plaintiffs have any valid claims against them. However, Plaintiffs' claims against Defendants require interpretations of several I.R.C., FICA, Title VII, Chapter 47 and 77 of Title 18, and Social Security Act code sections, including but not limited to, 18 U.S.C. §§ 1028, 1584, 1590, 29 U.S.C. § 623, 26 U.S.C. § 3102, and 42 U.S.C. §§ 1383(a); 2000-3. Thus, Plaintiffs' claims are completely preempted by federal law.

15. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1131 and 1441(a). Section 1441(a) provides that any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. Therefore, removal is proper under 28 U.S.C. § 1441(a) because the State Court Action is located in the Southern District of Texas, McAllen Division.

## IV.   CONCLUSION

THEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the jurisdictional requirement established by 28 U.S.C. § 1331, Defendants give notice that it removes the State Court Action to the United States District Court for the Southern District of Texas, McAllen Division.

Dated: January 8, 2025                          Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*_____
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729

1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas St., Ste 2100
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**ATTORNEYS FOR DEFENDANTS SOFIA LUBIN AND LORENA LUBIN**

7

17029099v1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's efiling system on the 8th day of January 2025.

Ricardo Gonzalez
Oxford & Gonzalez
124 S. 12th Avenue
Edinburg, TX  78539
ric@oxfordgonzalez.com

Richard Alamia
619 S. 12th Ave.
Edinburg, TX 78539
Richard.Alamia@yahoo.com

                                               */s/ Lorena D. Valle*
                                                Lorena D. Valle