**C-4581-24-C**
CAUSE NO. _____

| | | |
|---|---|---|
| **JUANA CRUZ,** | § | **IN THE DISTRICT COURT** |
| **OFELIA BENAVIDES,** | § | |
| **JOSE ELIAS NG,** | § | |
| **GABRIELA VELAZQUEZ,** | § | |
| **RICARDO GONZALO,** | § | |
| **MELESIO CRUZ,** | § | |
| **ANGELICA CHAVEZ,** | § | |
| **CONCEPCION PEREZ,** | § | |
| **OLGA PEREZ,** | § | |
| **MAURICO SANCHEZ,** | § | |
| **JORGE MAULEON,** | § | |
| **HECTOR SANCHEZ,** | § | |
| **HECTOR GONZALEZ,** | § | |
| **YESSY PEREZ MARTINEZ,** | § | |
| **MARIA DE LOURDES CRUZ,** | § | |
| **ROSENDO LIEVANOS,** | § | |
| **ELIZABETH LARA,** | § | |
| **LUIS ALBERTO ZUNGIA CASTILLO,** | § | |
| **MIGUEL CABALLERO SANCHEZ,** | § | |
| **GUILLERMO DE LA CRUZ MENDOZA,** | § | |
| **CARLOS DANIEL LOPEZ, GILDA RIVAS,** | § | |
| **ARMANDO MORALES DE LLANO,** | § | |
| **LAZARO GARCIA,** | § | |
| **MARIA DE JESUS MEDINA,** | § | |
| **RICARDO ESQUIVEL,** | § | |
| **RAFAEL SANCHEZ,** | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |
| **GUILLERMO RUIZ,** | § | |
| **ROSA QUINTANILLA,** | § | |
| **MARIA GUADALUPE VILLARREAL** | § | |
| **SILVA, KARINA MEDINA, RAFAEL** | § | |
| **RIVERA, AND ALICE FERNANDA** | § | |
| **CASTRO, Individually,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| VS. | § | |
| | § | |
| **DELIA GARZA A/K/A DELIA LUBIN, SOFIA** | § | |
| **LUBIN A/K/A SOFIA TREVINO,** | § | |
| **LORENA LUBIN, ALEJANDRO TREVINO,** | § | |
| **AND JUAN GARZA** | § | |
| *Defendants.* | § | |
| | § | **HIDALGO COUNTY, TEXAS** |

# PLAINTIFFS' ORIGINAL PETITON

EXHIBIT B

**C-4581-24-C**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQUEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICIO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, ROSENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICARDO ESQUIVEL, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, MARIA GUADALUPE VILLARREAL SILVA, KARINA MEDINA, RAFAELA RIVERA, and ALICE FERNANDA CASTRO (hereinafter "Plaintiffs"), file this lawsuit as a collective action against Defendants DELIA GARZA A/K/A DELIA LUBIN (hereinafter "Delia"), SOFIA LUBIN A/K/A SOFIA TREVINO (hereinafter "Sofia"), LORENA LUBIN (hereinafter "Lorena"), ALEJANDRO TREVINO (hereinafter "Alejandro"), and JUAN GARZA (hereinafter "Juan") (collectively hereinafter "Defendants") to recover liquidated and treble damages, litigation costs, and attorney's fees, and for cause of action would show the following:

C-4581-24-C

## I. DISCOVERY LEVEL

1. Discovery in this litigation is intended to be conducted under Level 2 Texas Rules of Civil Procedure 190.

## II. PARTIES AND SERVICE

2. Plaintiffs are all individuals residing in Hidalgo County, Texas except for four who reside in San Antonio, Texas.

3. Defendants Delia Garza a/k/a Delia Lubin, Sofia Lubin a/k/a Sofia Trevino, Lorena Lubin, Alejandro Trevino, and Juan Garza may be served with personal service at 106 W. Nolana Loop, Pharr, Texas 78577, or wherever they may be found.

## III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. Venue is proper in Hidalgo County, Texas because it is where most of the Defendants and all of acts or omissions occurred. It is where a substantial part of the events took place, pursuant to 15.001 et seq. of the Civil Practice and Remedies Code.

## IV. INTRODUCTION

6. This is a Texas payday lawsuit, Texas civil RICO (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT) CASE.

7.      This case involves human trafficking, exploitation of undocumented people for personal gain, trafficking, exploitation of government documents, tampering with government documents, abuse of working conditions, and a case of working in a sweatbox and a form of involuntary servitude.

8.      Every day, people are brought illegally into the United States and other areas of the world for a variety of reasons. Many of those people seek employment in their destination location. It is common in the United States for a person illegally smuggled here to seek work.

9.      It is common for undocumented persons who have been trafficked and exploited to be continued subjects of exploitation by their unscrupulous employer. Employers who scheme to pay below minimum wage, supply the people with false documents to commit fraud on Homeland Security, and then to terminate those employees when the scheme becomes public.

10.     Then, those same employers accumulate millions of ill-gotten dollars based on the sweat and sacrifice of countless vulnerable and exploited workers all to build a grandiose and expensive operation designed to exploit future undocumented workers.

11.     Unfortunately, all of the relevant and material facts in this case lead to the need to remedy this exploitation in a court of law so that proper and fair compensation can be sought.

## V. NATURE OF CLAIMS

12. This is a collective action filed under Texas Racketeering Influenced and Corrupt Organization (RICO) to correct unlawful employment practices.

13. Fraud---Plaintiffs were supplied with fake social security numbers and fake permanent resident cards to work at Delia's Tamales, by Defendants' employees and Delia's relatives. Delia and her management staff had knowledge that most if not all of their employees were undocumented and would supply them with fake documents. Delia's would deduct social security taxes from Plaintiffs' pay, knowing that the social security number was fake, and would not match.

    A. <u>Fraudulent Concealment</u>

Defendants furnished fake social security cards to Plaintiffs. Plaintiffs thought that retirement (social security) deductions were going into that social security account/card supplied to them by Defendants. Once terminated from employment, Plaintiffs, some of whom had worked for Delia's Tamales for over 20 years, sought social security benefits only to be informed/discover their social security numbers were invalid and did not match their name.

It was a pattern/scheme displayed or constructed by Defendants, once employees worked a sufficient number of quarters, they were terminated because they were close to accumulating sufficient quarters of employment to qualify for social security benefits. Defendants owed a fiduciary duty to Plaintiffs, because

Case 7:25-cv-00015   Document 1-2   Filed on 01/08/25 in TXSD   Page 6 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

Plaintiffs were led to believe by Defendants that their (social security) deductions were being credited toward their social security account.

B.   Exploitation of Undocumented Individuals/Government Records

Defendants supplied fake social security cards and permanent resident cards to some of the Plaintiffs. Co-Employees who work for Defendants would sometimes supply new employees with fake social security cards. At all times, Defendants because they were management had knowledge that this was occurring. It was a big criminal enterprise from which Defendants intended to financially benefit from.

Defendants would hire undocumented individuals supply them with fake social security cards and fake permanent resident cards; then deducted weekly from their pay social security and payroll deductions. These deductions continued until Plaintiffs were terminated. Defendants terminated Plaintiffs due to their legal status; their status was fully known by Defendants and management staff. On information and belief, Defendants continued to employ undocumented individuals and supply them with false documents.

## V. FACTS

14.   At all times relevant to this lawsuit, Delia's Tamales and Defendants who were the principals and management staff were and remain an enterprise engaged in commerce or in the production of consumer goods.

Case 7:25-cv-00015   Document 1-2   Filed on 01/08/25 in TXSD   Page 7 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4581-24-C**

15. Defendants own, manage and operate Mexican restaurants in the Rio Grande Valley area and in San Antonio, with their main principal place of business in Hidalgo County.

16. The Defendants managed and operated DELIA'S Tamales, located at 3400 N. 10th St. McAllen, TX. 78501, 4800 S. 23rd Ste., Ste 5 McAllen, TX. 78503, 602 W. Griffin Pkwy Mission, TX. 78572, 1501 E. Monte Cristo Edinburg, TX.78542, 2000 N. Jackson Rd. Pharr, TX. 78577, 106 W. Nolana San Juan, TX. 78589, 13527 Hausman Pass San Antonio, TX. 78249. DELIA'S Tamales, located at 106 W. Nolana San Juan, TX. 78589.

17. Plaintiffs were employed by Defendants to work in these restaurants.

18. The Defendants who managed and operated Delia's Tamales had employees handling and working on materials/goods which have been moved in or produced for commerce – namely food.

19. Delia Garza a/k/a Delia Lubin and Sofia Lubin a/k/a Sofia Trevino, and other Defendant family members are owners and/or an officer of Delia's Tamales and at all relevant times controls or substantially had oversight on its day-to-day operations. Delia Garza a/k/a Delia Lubin and Sofia Lubin a/k/a Sofia Trevino were at all relevant times responsible for overseeing the day-to-day operations of Delia's Tamales, processing and/or authorizing payments for the products the business sold by and through its employees, billing customers

Case 7:25-cv-00015  Document 1-2  Filed on 01/08/25 in TXSD  Page 8 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

for products sold, hiring, firing and supervising the work of employees, ordering materials and supplies for the business, managing employment records, paying employees and directing other business matters.

20. Plaintiffs were employed by Defendants to prepare food, provide customer service and clean the business facilities owned and operated by the Defendants.

21. After Plaintiffs were terminated, some of whom visited the local Social Security Administration and inquired how much they had accumulated in quarters during the time they worked at Delia's Tamales, only to discover that their social security numbers did not match their name.

22. Plaintiffs believed that the social security deductions from pay based on social security cards; which either Delia Garza a/k/a Delia Lubin and Sofia Lubin a/k/a Sofia Trevino or her family members provided to Plaintiffs, which were provided by other Delia's Tamales other management employees, from their weekly pay that these deductions were being credited to their social security account.

23. Defendants who were the principals, part of the management team or "owners" of Delia's Tamales supplied or authorized the supply or were fully aware the Plaintiffs were being provided with false documents to commit fraud. The Defendants then terminated these employees when Plaintiffs were close to

Case 7:25-cv-00015   Document 1-2   Filed on 01/08/25 in TXSD   Page 9 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

accumulating a sufficient number of quarters to qualify for future social security benefits.

24. These Defendants accumulate hundreds of thousands of ill-gotten dollars based on the sweat and sacrifice of countless vulnerable and exploited workers all to build a grandiose expensive operation designed to exploit future undocumented workers (a reported $15,000,000 San Juan tamale factory).

A.  <u>First Cause of Action Fraudulent Concealment</u>

Defendants furnished fake social security cards to Plaintiffs. Plaintiffs were led to believe retirement/social security deductions were being deposited into their social security account.

Once some of the Plaintiffs approached eligibility for future social security benefits, they were terminated from employment. Some Plaintiffs worked for Defendants for over 20 years after they were terminated, some of them visited the local social security administration office only to be informed their social security numbers were invalid.

This was a common practice of Defendants, who were the principles and/or management staff employees, to terminate an employee who worked a certain number of quarters and were close to accumulating sufficient quarters to qualify for future social security benefits. Defendants, who were the principals, management staff or owners, owed a fiduciary relationship to Plaintiffs,

because Plaintiffs were led to believe, by these Defendants, that their deductions were going to be credited to their social security account.

B.  Second Cause of Action Exploitation of Undocumented Individuals/Government Records

Defendants, in their capacity as management of Delia's Tamales supplied fake social security cards and permanent resident cards to Plaintiffs. Co-Employees of Defendants would sometimes supply fraudulent social security cards to new employees with Defendants' full knowledge. At all times, Defendants had actual knowledge that employees were being supplied with false documents. Delia Garza and/or extended family, who were managerial employees would hire undocumented individuals and provide them fake social security cards and fake permanent resident cards. Defendants authorized the deduction of social security and payroll taxes from Plaintiffs' weekly paycheck.

Defendants, who were principals, management staff or owners of Delia's Tamales, terminated Plaintiffs because of their legal status. On information and belief, Defendants continued to hire undocumented individuals and provide them with fake cards.

C.  Third Cause of Action: Violations of the Texas Civil RICO Conduct

At all relevant times, DELIA and her extended family who were the "principals," "management" staff or "owners" of DELIA'S TAMALES which constitutes an "Enterprise".

At all relevant times, the Defendants were engaged in, and/or its associated activities affected, intrastate commerce. At all relevant times, RICO Defendants were the principals at DELGAR FOODS, INC D/B/A/ DELIA'S TAMALES as alleged herein, were not limited to RICO Defendants' predicate acts and have activities extending beyond RICO Defendants' racketeering activity.

DELGAR FOODS, INC D/B/A DELIA'S TAMALES exist separate and apart from the pattern of racketeering activity exhibited by the Defendants. The RICO Defendants have had and do have legitimate business plans outside the pattern of racketeering activity related to DELIA'S TAMALES.

RICO Defendants devised or intended to devise a scheme to defraud Plaintiffs of money, social security benefits, and/or benefits of monetary value by supplying Plaintiffs with false or fraudulent social security numbers and work documents.

For the purposes of executing their scheme, RICO Defendants ano managed and operated DELIA'S TAMALES delivered or caused to deliver various fraudulent working documents, W2s and social security cards and fraudulent social security deductions by or through U.S. mail, electronic transfers or by private or commercial interstate carriers.

Case 7:25-cv-00015   Document 1-2   Filed on 01/08/25 in TXSD   Page 12 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

For the purposes of executing their scheme, RICO Defendants transmitted or caused to be transmitted by means of wire communications and electronic transfers or U.S. mail in intrastate commerce fraudulent work documents and social security deductions and 941 deductions which should have been paid into the social security accounts and IRS accounts.

In furtherance of their scheme, RICO Defendants who were the principals, management staff or owners of DELIA'S TAMALES used the wires and/or U.S. mails or electronic transfers to deliver documents and things to Plaintiffs or the Enterprises for the purposes of defrauding Plaintiffs, including, but not limited to the following:

> (a) Writing false work documents and deductions for social security benefits or employment taxes representing to the Plaintiffs that they were eligible for employment and as well as some day receiving federal benefits which were social security benefits based on deductions from their weekly paychecks which were never submitted to the social security administration and the IRS.
>
> (b) Through U.S. mail or electronic mail and/or bank wire transfers the RICO Defendants as the principals and/or owners' scheme was to defraud the Plaintiffs of monies and property as well as future federal benefits.
>
> (c) The deductions and/or social security deductions were deducted by the Defendants with the intent that these funds be utilized to promote or carry on the Defendants' scheme to defraud the Plaintiffs of money and future federal benefits in the form of social security.

The RICO Defendants as principals, management staff or owners of DELIA'S TAMALES used wire and/or mail communications in furtherance of

Case 7:25-cv-00015 Document 1-2 Filed on 01/08/25 in TXSD Page 13 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

their scheme to defraud Plaintiffs, including but not limited to, the following instances: (a) Either utilizing U.S. mail or electronic bank transfers reflecting that the social security benefits and 941s were being deducted from their weekly pay, and presumably should have been forwarded to the social security administration and IRS.

The RICO Defendants used the wires and mails in intrastate commerce with intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity.

The RICO Defendants racketeering activities were multiple, continuous, and ongoing from about 2002, and this remains ongoing through 2023.

The RICO Defendants as principals, management staff or owners of DELIA'S TAMALES participated in the scheme or artifice knowingly, willfully, and with the specific intent to advance their scheme to deprive or defraud the Plaintiffs.

The RICO Defendants as principals or owners of DELIA'S TAMALES knowingly and intentionally deducted social security benefits and 941 deduction from DELIA TAMALES employees' weekly pay, in furtherance of RICO Defendants' scheme to defraud them.

Case 7:25-cv-00015 Document 1-2 Filed on 01/08/25 in TXSD Page 14 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

The allegations herein, constitutes a pattern of racketeering activity within the meaning of Texas RICO Statute. RICO Defendants' violations of state law as set forth herein, each of which directly and proximately injured Plaintiffs, constitutes a continuous course of conduct, which was intended to defraud Plaintiffs of money and property through false representations, fraud, deceit, and other improper and unlawful means.

Plaintiffs were injured in that their money and property in the form of future social security benefits were lost by reason of RICO Defendants' actions.

RICO Defendants' injuries to Plaintiffs were a direct, proximate, and reasonably foreseeable result of their violation of Texas RICO Statute. Plaintiffs are the ultimate victims of RICO Defendants' unlawful enterprise. Plaintiffs have been and will continue to be injured in that their future social security benefits will never be paid.

Plaintiffs are entitled to recover treble damages, litigation costs and attorneys' fees from RICO Defendants as well as any other relief authorized by statute.

D. <u>Piercing the Corporate Veil</u>

Delgar Foods LLC is a limited liability company formed and existing under the laws of the State of Texas. The Defendants are the principal owners of DELIA'S TAMALES.

Case 7:25-cv-00015 Document 1-2 Filed on 01/08/25 in TXSD Page 15 of 17

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

The corporate form of Delgar Foods LLC should be disregarded because:

a. Their corporate form was used as a sham with the intent to perpetrate fraud;
b. Defendants used them to evade existing legal obligation; and
c. Their corporate form was used with the intent to protect against the discovery of a crime for the benefit of Defendants who benefit from this criminal enterprise.

## VI. JURY DEMAND

Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## VII. REQUEST FOR INITIAL DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within thirty (30) days from the date of service of this request, the information or material described in Rule 194.2(b)(1-12).

## VIII. PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be cited to appear and answer. The Plaintiffs upon trial of this matter receive judgment against Defendants in the amount exceeding the minimum jurisdiction of this Court. Plaintiffs pray for prejudgment and post judgment interest at the prevailing judgment rate. Plaintiffs pray for attorneys' fees and costs of court. Plaintiffs further pray for any general or special relief, both in equity and at law, that they may justly show themselves entitled to.

Electronically Filed
10/1/2024 3:31 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4581-24-C

Respectfully submitted,

*[signature]*

Ricardo Gonzalez
State Bar No. 08131490
Oxford & Gonzalez
124 S. 12th Ave.
Edinburg, TX. 78539
Phone: (956) 383-5654
Fax: (956) 381-0002
E-mail: ric@oxfordgonzalez.com

Richard Rene Alamia
Richard R. Alamia Attorney at Law
619 S. 12th Ave. (Main Office) 78539
Edinburg, TX 78539
Phone: (956) 381-5766
Fax: (956) 381-5774
E-mail: richard.alamia@yahoo.com

**ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Xochitl Bocanegra on behalf of Ricardo Gonzalez
Bar No. 08131490
legalsecretary@oxfordandgonzalez.com
Envelope ID: 92655083
Filing Code Description: Petition
Filing Description:
Status as of 10/1/2024 4:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ricardo Gonzalez | | ric@oxfordandgonzalez.com | 10/1/2024 3:31:37 PM | SENT |
| Xochitl Bocanegra | | legalsecretary@oxfordandgonzalez.com | 10/1/2024 3:31:37 PM | SENT |
| Richard ReneAlamia | | richard.alamia@yahoo.com | 10/1/2024 3:31:37 PM | SENT |