IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, ET AL., | § § | |
| Plaintiffs, | § | CAUSE NO. 7:25-CV-00015 |
| v. | § § | |
| DELIA GARZA A/K/A DELIA LUBIN, SOFIA LUBIN A/KA SOFIA TREVINO, LORENA LUBIN, ALEJANDRO TREVINO, AND JUAN GARZA, | § § § § | RELATED ACTION: CAUSE NO.: 7:23-CV-0343 |
| Defendants. | § § § | |

### DEFENDANT DELIA LUBIN'S
### MOTION TO DISMISS FOR INSUFFICIENT SERVICE

Defendant Delia Lubin ("Ms. Lubin") specially appears and files this Motion to Dismiss for Insufficiency of Service of Process pursuant to Federal Rule of Civil Procedure 12(b)(5). Ms. Lubin files this Motion for the limited purpose of seeking dismissal of Plaintiffs Juana Cruz, *et al.*'s ("Plaintiffs") claims against her and does not waive her rights under the Federal Rules of Civil Procedure to seek dismissal in the future on other grounds pursuant to Federal Rules of Civil Procedure 12(b), or to otherwise appear and deny the allegations set forth in Plaintiffs' First Amended Complaint.

### I. SUMMARY OF THE ARGUMENT

Dismissal is warranted because Plaintiffs failed to effectuate service of process on Ms. Lubin in violation of Federal Rule of Civil Procedure 4(e). Plaintiffs improperly served an employee of the restaurant Delia's Tamales (a non-party to this lawsuit). However, Plaintiffs did not follow Texas state law for serving the summons; Plaintiffs did not deliver a copy of the summons and complaint to Ms. Lubin personally; the restaurant is not Ms. Lubin's dwelling or usual place of abode; and the employee is not an agent authorized by appointment or by law to

1

17147444

receive service of process on behalf of Ms. Lubin. As such, Plaintiffs failed to satisfy any of the allowable methods of service under Federal Rule of Civil Procedure 4(e). Because Plaintiffs failed to effectuate service, the Court should grant Ms. Lubin's Motion to Dismiss for Insufficient Service pursuant to Federal Rule of Civil Procedure 12(b)(5).

## II.   BACKGROUND

On October 1, 2024, the Plaintiffs filed a Complaint against Ms. Delia Lubin and four other individuals. On February 28, 2025, a copy of Plaintiffs' First Amended Complaint and Summons was handed to an employee of Delia's Tamales. Plaintiffs' proof of service states the following:

> ☒ I served the summons on *(name of individual)* Blanca Sierra (HR Director), who is designated by law to accept service of process on behalf of *(name of organization)* Delias Tamales
> 1:15 pm on *(date)* 2-28-25       ; or

Plaintiffs' Proof of Service [Dkt. No. 18] is attached hereto as **Exhibit A**. However, the summons was issued for the individual Defendant Delia Lubin—not the entity Delia's Tamales (a non-party to this lawsuit) as shown below:

> **SUMMONS IN A CIVIL ACTION**
>
> To: *(Defendant's name and address)* DELIA GARZA A/K/A DELIA LUBIN
> 106 W. NOLANA LOOP
> PHARR, TX 78577,
> Or wherever she may be found

*See id.* For the reasons detailed below, Plaintiffs' service of process is insufficient. Accordingly, the Court should dismiss the Plaintiffs' claims against Ms. Lubin.

## III.   ARGUMENT AND AUTHORITY

**A. Standard of Review**

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe*

2

17147444

*Stringing, Inc.*, 526 U.S. 344, 350 (1999). When service is deficient, a court ordinarily may not exercise power over a party the complaint names as a defendant. *Id.*; *see also* FED. R. CIV. P. 4; *see also Norris v. Causey*, 869 F.3d 360, 369 (5th Cir. 2017) ("Deficient service means a court lacked personal jurisdiction over a defendant[.]").

Under Rule 12(b)(5), a court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 692 n.3 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353) (citing *Id.* for the proposition that "[T]he form of process could be challenged . . . under Rule 12(b)(5) on the ground that the wrong party-a party not named in the summons-has been served."). Furthermore, Federal Rule Civil Procedure 4(e) governs the service of process on an individual within a Judicial District of the United States. Rule 4(e) provides:

**(e) Serving an Individual Within a Judicial District of the United States.**

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

17147444

FED. R. CIV. P. 4(e). Once a defendant makes a timely objection to the sufficiency of the service of process, the plaintiff must show that service was valid. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d 787, 795–96 (S.D. Tex. 2010) (citing *Aetna Business Credit Inc. v. Universal Decor and Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Importantly, even if Ms. Lubin received actual notice of this case, that alone does not satisfy the Federal Rules' service-of-process requirements. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation, moreover, is insufficient to satisfy Rule 4's requirements.").

**B. Plaintiffs' attempted service was defective.**

Plaintiffs have failed to properly serve Ms. Lubin pursuant to Rule 4(e). First, Plaintiffs have failed to serve Ms. Lubin by any means provided by Texas state law in accordance with Rule 4(e)(1). Under Texas Rule of Civil Procedure 106(a), a citation must be served by: (1) delivering it to ***the defendant***, ***in person***; or (2) mailing it to the defendant by registered or certified mail, return receipt requested. TEX. R. CIV. P. 106(a) (emphasis added). Plaintiffs did neither.

Plaintiffs have likewise failed to serve Ms. Lubin by any means provided by Rule 4(e)(2). Plaintiffs failed to deliver a copy of the summons and of the complaint to Ms. Lubin personally. Plaintiffs also failed to leave a copy of the summons and of the complaint at Ms. Lubin's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Instead, Plaintiffs left the summons with an employee of a non-party entity, which is notably not named in the summons.

Moreover, Plaintiffs' attempt to serve an employee of Delia's who the process server alleges is "designated by law to accept service of process on behalf of Delia's Tamales" did not accomplish service under Rule 4(e)(2)(C). *See* Ex. A. The employee is not an agent of Ms. Lubin

4

and is not designated by law or otherwise to accept service of process on behalf of Ms. Lubin. Assuming, *arguendo*, that the employee is authorized to accept process on behalf of Delia's Tamales, Plaintiffs' attempt to serve Ms. Lubin through this method still fails, as Delia's Tamales is the wrong party. Ms. Lubin was named in the summons, not Delia's Tamales. Accordingly, Plaintiffs have failed to serve Ms. Lubin pursuant to any method outlined in Federal Rule of Civil Procedure 4(e).

## IV.   CONCLUSION

Defendant Delia Lubin respectfully asks this Court to grant her Motion to Dismiss and for such other or further relief, general or special, at law or in equity, to which she may be justly entitled.

Dated: March 21, 2025

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

17147444

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas St., Ste 2100
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**ATTORNEYS FOR DEFENDANT DELIA LUBIN**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing system on March 21, 2025.

*/s/ Lorena D. Valle*
Lorena D. Valle