UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, ROSENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGIA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICARDO ESQUIVEL, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, MARIA GUADALUPE VILLARREAL SILVA, KARINA MEDINA, RAFAEL RIVERA, AND ALICE FERNANDA CASTRO, Individually<br>    Plaintiffs, | § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| VS. | § § § | Civil Action 7:25-cv-00015<br>JURY DEMANDED |
| DELIA GARZA A/K/A DELIA LUBIN, SOFIA LUBIN A/K/A SOFIA, TREVINO, LORENA LUBIN, AND ALEJANDRO TREVINO<br>    Defendants. | § § § § § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1

COME NOW Plaintiffs JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQUEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICIO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, ROSENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICARDO ESQUIVEL, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, MARIA GUADALUPE VILLARREAL SILVA, KARINA MEDINA, RAFAELA RIVERA, and ALICE FERNANDA CASTRO (hereinafter "Plaintiffs"), file this lawsuit as a collective action against Defendants DELIA GARZA A/K/A DELIA LUBIN (hereinafter "Delia"), SOFIA LUBIN A/K/A SOFIA TREVINO (hereinafter "Sofia"), LORENA LUBIN (hereinafter "Lorena"), and ALEJANDRO TREVINO (hereinafter "Alejandro"), (collectively hereinafter "Defendants") to recover liquidated and treble damages, litigation costs, and attorney's fees, and for cause of action would show the following:

## I. DISCOVERY LEVEL

1. Discovery in this litigation is intended to be conducted under Federal Rules of Civil Procedure 26.

## II. PARTIES AND SERVICE

2. Plaintiffs are all individuals residing in Hidalgo County, Texas except for four who reside in San Antonio, Texas.

3. Defendant Delia Garza a/k/a Delia Lubin may be served in person assuming she does not waiver service at 101 Pelican Avenue, McAllen, Texas 78504, or wherever she may be found.

4. Defendants Sofia Lubin a/k/a Sofia Trevino and Lorena Lubin will be effectuated by serving a copy of this Complaint to the office of their attorneys as follows: William R. Stukenberg, Lorena D. Valle, Porter Hedges LLP, 1000 Main Street, 36th FL, Houston, Texas 77002-6341; and Stephen J. Quezada, Of Counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 500 Dallas Street, STE 2100, Houston, Texas 77002.

5. Defendant Alejandro Trevino may be served in person at 16119 Ponderosa Pass, Helotes, Bexar County, Texas 78023, or wherever he may be found.

## III. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this Court.

7.  Venue is proper in Hidalgo County, Texas because it is where most of the Defendants and all of acts or omissions occurred. It is where a substantial part of the events took place, pursuant to 15.001 et seq. of the Civil Practice and Remedies Code.

## IV. INTRODUCTION

8.  This is a Texas/Civil Payday Lawsuit, Texas Civil RICO (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT) CASE and a FEDERAL CIVIL RICO (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C 1961-68.

9.  This case involves human trafficking; exploitation of undocumented immigrants for personal gain; trafficking in and exploitation of fraudulent government documents; tampering with government documents; abuse of working conditions; and a case of working in a sweatbox—a form of involuntary servitude in violation of Federal Statutes and the U. S. Constitution.

10. Every day, people are illegally brought into the United States. Many of these people seek employment in the United States only to be exploited by employer who underpay them and overwork them to increase their profit margin.

11. It is common for undocumented immigrants who have been trafficked to be exploited by their unscrupulous employers. Employers scheme to pay below minimum wage, supply the people with false documents to commit fraud on

Homeland Security, and then to terminate those employees when their scheme becomes public or when Federal Labor Agents (FSLA) discover the illegal action. Such is the case here.

12. These same employers accumulate millions of ill-gotten dollars based on the sweat and sacrifice of countless vulnerable and exploited workers all to build a grandiose and expensive operation designed to exploit future undocumented workers. Such is the case here.

13. Unfortunately, all of the relevant and material facts in this case lead to the need to remedy this exploitation in a court-of-law so that proper and fair compensation can be sought and be paid to exploit undocumented immigrants in our case.

## V. NATURE OF CLAIMS

14. This is a collective action filed under Texas Racketeering Influenced and Corrupt Organization (RICO) to correct unlawful employment practices and Civil RICO Federal Law 18 U.S.C. 1961-68.

15. Fraud—Plaintiffs were supplied with fake social security numbers and fake permanent resident cards to work at Delia's Tamales, by Delia's Tamales' employees and some of whom are Delia's relatives named herein. Delia Lubin and her management staff (her relatives) had knowledge that most if not all of their employees were undocumented and supplied them with fake documents. Delia's

deducted social security taxes from Plaintiffs' pay, deducted tax withholding fully knowing that the Delia's employee social security numbers were fake, and could not be matched to social security or tax accounts maintained by federal authorities (S.S.A. & IRS).

A.  Fraudulent Concealment

Defendants furnished fake social security cards to Plaintiffs. Plaintiffs believed that retirement (social security) deductions were going into their social security accounts based on social security cards supplied to them by Defendants. Once terminated from employment, Plaintiffs, some of whom had worked for Delia's Tamales for over 20 years, sought social security benefits only to be informed/discover their social security numbers were invalid and did not match their name with Social Security Administration (SSA). It was a pattern/scheme fabricated by Defendants; once employees worked a sufficient number of quarters, they were terminated because they were close to accumulating sufficient quarters of employment to someday qualify for social security benefits. Once Defendants deducted social security taxes, owed a fiduciary duty to Plaintiffs, as Plaintiffs were led to believe by Defendants that their (social security) deductions were being credited toward their social security account.

B.     Exploitation of Undocumented Individuals/Government Records

Defendants supplied fake social security cards and permanent resident cards to some of the Plaintiffs. Co-Employees who work for Defendants would sometimes supply new employees with fake social security cards. At all relevant times, Defendants who were management staff, had knowledge that this was occurring; it was a big criminal enterprise from which Defendants intended to financially benefit from. Defendants hired undocumented immigrants and supplied them with fake social security cards and fake permanent resident cards; then deducted from their pay social security and IRS tax. These social security and income tax deductions continued until Plaintiffs were terminated. Defendants terminated Plaintiffs due to their legal status; a status was fully known by Defendants and management staff. On information and belief, Defendants continued to employ undocumented immigrants and supply them with false documents.

## V. FACTS

16.    At all times relevant to this lawsuit, Delia and other named Defendants, who were the principals and/or management staff, were and remain an enterprise engaged in commerce or in the production of consumer goods they introduce into state commerce.

17. Defendants own, manage and operate Delia's Tamales restaurants in the Rio Grande Valley area and in San Antonio, with their main principal place of business in Hidalgo County.

18. The Defendants managed and operated DELIA'S Tamales, located at 3400 N. 10th St. McAllen, TX. 78501, 4800 S. 23rd Ste., Ste 5 McAllen, TX. 78503, 602 W. Griffin Pkwy Mission, TX. 78572, 1501 E. Monte Cristo Edinburg, TX.78542, 2000 N. Jackson Rd. Pharr, TX. 78577, 106 W. Nolana San Juan, TX. 78589, 13527 Hausman Pass San Antonio, TX. 78249. DELIA'S Tamales, located at 106 W. Nolana San Juan, TX. 78589.

19. Plaintiffs were employed by Defendants to work in these restaurants.

20. The Defendants who managed and operated Delia's Tamales had employees handling and working on materials/goods which have been moved in or produced for commerce–namely food through their restaurants.

21. Delia Garza a/k/a Delia Lubin and Sofia Lubin a/k/a Sofia Trevino, and other Defendant family members are owners and/or an officer of Delia's Tamales and at all relevant times controlled or substantially had oversight in its day-to-day operations. Delia Garza a/k/a Delia Lubin and Sofia Lubin a/k/a Sofia Trevino and other named Defendants at all relevant times were responsible for overseeing the day-to-day operations of Delia's Tamales, processing and/or authorizing payments for the products the business sold by and through its employees; billing customers

for products sold; hiring, firing and supervising the work of employees; ordering materials and supplies for the business; managing employment records; paying employees; and directing other business matters.

22. Plaintiffs were employed by Defendants to prepare food, provide customer service and clean the business facilities owned and operated by the Defendants.

23. After Plaintiffs were terminated, some of whom visited the local SSA and inquired how much money they had accumulated in quarters during the time they worked at Delia's Tamales, only to discover that their social security numbers did not match their name with SSA.

24. Plaintiffs believed social security and income tax deductions from their pay, based on social security cards, which either Delia Garza a/k/a Delia Lubin and Sofia Lubin a/k/a Sofia Trevino or her family members provided to Plaintiffs, which were provided by other Delia's Tamales other management employees, were being credited to their social security account and IRS accounts.

25. Defendants who were the principals, part of the management team or "owners" of Delia's Tamales supplied or authorized the supply or were fully aware Plaintiffs were being provided with false documents to commit fraud. The Defendants then terminated these employees when Plaintiffs were close to accumulating a sufficient number of quarters to qualify for future social security benefits.

26. These Defendants accumulate hundreds of thousands of ill-gotten dollars based on the sweat and sacrifice of countless vulnerable and exploited undocumented workers all to build a grandiose expensive operation designed to exploit future undocumented workers to build (a reported $15,000,000) tamale factory in San Juan.

    A.    <u>First Cause of Action Fraudulent Concealment</u>

27. Defendants furnished fake social security cards to Plaintiffs. Plaintiffs were led to believe by the Defendants that the retirement/social security deductions were being deposited into their social security account.

28. Once some Plaintiffs approached eligibility for future social security benefits, they were terminated from employment. Some Plaintiffs who worked for Defendants for over 20 years, after they were terminated, visited the local SSA office only to be informed their social security numbers were invalid.

29. This was a common practice of Defendants, who were the principles and/or management staff employees, to terminate an employee who worked a certain number of quarters and were close to accumulating sufficient quarters to qualify for future social security benefits. Defendants, who were the principals, management staff or owners, owed a fiduciary duty to Plaintiffs, because Plaintiffs were led to believe, by these Defendants, that their deductions were going to be credited to their social security account.

B. <u>Second Cause of Action: Exploitation of Undocumented Immigrants/Government Records</u>

30. Defendants, in their capacity as management of Delia's Tamales supplied fake social security cards and permanent resident cards to Plaintiffs. Co-Employees of Defendants would sometimes supply fraudulent social security cards to new employees with Defendants' full knowledge. At all times, Defendants had actual knowledge that employees were being supplied with false documents. Delia Garza and/or extended family, who were managerial employees would hire undocumented immigrants and provide them fake social security cards and fake permanent resident cards. Defendants caused the deduction of social security and IRS taxes from Plaintiffs' paychecks.

31. Defendants, who were principals, management staff or owners of Delia's Tamales, terminated Plaintiffs because of their legal status. On information and belief, Defendants continued to hire undocumented immigrants and provide them with fake cards.

C. <u>Third Cause of Action: Violations of the Texas Civil RICO Conduct/Federal Civil RICO</u>

32. At all relevant times, DELIA and her extended family who were the "principals," "management staff" or "owners" of DELIA'S TAMALES which constitutes an "Enterprise." At all relevant times, the Defendants were engaged in, and/or its associated activities affected interstate commerce. At all relevant times,

11

RICO Defendants were the principals at DELGAR FOODS, INC D/B/A/ DELIA'S TAMALES as alleged herein, were not limited to RICO Defendants' predicate acts and have legitimate activities extending beyond RICO Defendants' racketeering activity.

33. DELGAR FOODS, INC D/B/A DELIA'S TAMALES exist separate and apart from the pattern of racketeering activity exhibited by the Defendants. The RICO Defendants have had and do have legitimate business plans outside the pattern of racketeering activity related to DELIA'S TAMALES.

34. RICO Defendants devised or intended to devise a scheme to defraud Plaintiffs of money, social security benefits, and/or benefits of monetary value by supplying Plaintiffs with false or fraudulent social security numbers and work documents. For the purposes of executing their scheme, RICO Defendants managed and operated DELIA'S TAMALES delivered or caused to deliver various fraudulent working documents, W2s and social security cards and fraudulent social security deductions by or through U.S. mail, electronic transfers or by private or commercial interstate carriers.

35. For the purposes of executing their scheme, RICO Defendants transmitted or caused to be transmitted by means of wire communications and electronic transfers or U.S. mail in interstate commerce fraudulent work documents and social security

deductions and 941 deductions which should have been paid into the social security accounts and IRS accounts.

36. In furtherance of their scheme, RICO Defendants who were the principals, management staff or owners of DELIA'S TAMALES used the wires and/or U.S. mails or electronic transfers to deliver documents and things to Plaintiffs or the Enterprises for the purposes of defrauding Plaintiffs, including, but not limited to the following:

(a) Creating false work documents and deductions for social security benefits or employment taxes representing to the Plaintiffs that they were eligible for employment and as well as some day receiving federal benefits which were social security benefits based on deductions from their paychecks which were never submitted to the SSA and the IRS.

(b) Through U.S. mail or electronic mail and/or bank wire transfers the RICO Defendants as the principals and/or owners' scheme was to defraud the Plaintiffs of monies and property as well as future federal benefits.

(c) The deductions and/or social security deductions were deducted by the Defendants with the intent that these funds be utilized to promote or carry on the Defendants' scheme to defraud the Plaintiffs of money and future federal benefits in the form of social security.

37. The RICO Defendants as principals, management staff or owners of DELIA'S TAMALES used wire and/or mail communications in furtherance of their scheme to defraud Plaintiffs, including but not limited to, the following instances: (a) Either utilizing U.S. mail or electronic bank transfers reflecting that the social security benefits and 941s were being deducted from their paychecks, and presumably these deductions were being forwarded to the SSA and IRS.

38. The RICO Defendants used the wires and mails in intrastate commerce with intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity.

39. The RICO Defendants racketeering activities were multiple, continuous, and ongoing from about 2002, and were ongoing through 2023.

40. The RICO Defendants as principals, management staff or owners of DELIA'S TAMALES participated in the scheme or artifice knowingly, willfully, and with the specific intent to advance their scheme to deprive or defraud the Plaintiffs.

41. The RICO Defendants as principals or owners of DELIA'S TAMALES knowingly and intentionally deducted social security benefits and 941 deduction from DELIA TAMALES employees' pay, in furtherance of RICO Defendants' scheme to defraud them.

42. The allegations herein, constitutes a pattern of racketeering activity within the meaning of Texas and Federal RICO Statute. RICO Defendants' violations of state and federal law as set forth herein, each of which directly and proximately injured Plaintiffs, constitutes a continuous course of conduct, which was intended to defraud Plaintiffs of money and property through false representations, fraud, deceit, and other improper and unlawful means.

43. Plaintiffs were injured in that their money and property in the form of future social security benefits were lost by reason of RICO Defendants' actions.

44. RICO Defendants' injuries to Plaintiffs were a direct, proximate, and reasonably foreseeable result of their violation of Texas and Federal RICO Statutes. Plaintiffs are the ultimate victims of Defendants' RICO unlawful enterprise. Plaintiffs have been and will continue to be injured in that their future social security benefits will never be paid. Plaintiffs are entitled to recover treble damages, litigation costs and attorneys' fees from RICO Defendants as well as any other relief authorized by statute.

    D.    <u>Piercing the Corporate Veil</u>

45. Delgar Foods LLC is a limited liability company formed and existing under the laws of the State of Texas. The Defendants are the principal owners of DELIA'S TAMALES. The corporate form of Delgar Foods LLC should be disregarded because: a. Their corporate form was used as a sham with the intent to

perpetrate fraud; b. Defendants used them to evade existing legal obligation; and c. Their corporate form was used with the intent to protect against the discovery of a crime for the benefit of Defendants who benefit from this criminal enterprise.

## VI. JURY DEMAND

46. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## VII. REQUEST FOR INITIAL DISCLOSURES

47. Pursuant to Federal Rules of Civil Procedure, you are requested to disclose within thirty (30) days from the date of service of this request, the information or material described in Rule 26.

## VIII. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer. The Plaintiffs upon trial of this matter receive judgment against Defendants in the amount exceeding the minimum jurisdiction of this Court. Plaintiffs pray for prejudgment and post judgment interest at the prevailing judgment rate. Plaintiffs pray for attorneys' fees and costs of court. Plaintiffs further pray for any general or special relief, both in equity and at law, that they may justly show themselves entitled to.

Respectfully submitted,

*/s/ Ricardo Gonzalez*
_____
Ricardo Gonzalez
State Bar No. 08131490
Oxford & Gonzalez
124 S. 12th Ave.
Edinburg, TX. 78539
Phone: (956) 383-5654
Fax: (956) 381-0002
E-mail: ric@oxfordgonzalez.com

Richard Rene Alamia
Richard R. Alamia Attorney at Law
619 S. 12th Ave.(Main Office) 78539
Edinburg, TX 78539
Phone: (956) 381-5766
Fax: (956) 381-5774
E-mail: richard.alamia@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that on March 31, 2025, a true and correct copy of this Motion for Leave was served upon all interested parties via CM/ECF to the following:

Lorena Valle
ivalle@porterhedges.com
lalaniz@porterhedges.com

William Stukenberg
wstukenberg@porterhedges.com

Stephen J. Quezada, Of Counsel
stephen.quezada@ogletree.com

*/s/ Ricardo Gonzalez*
_____
RICARDO GONZALEZ