**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUANA CRUZ, ET AL.** | § | |
| | § | |
| | § | |
| **VS.** | § | **Civil Action 7:25-cv-00015** |
| | § | **JURY DEMANDED** |
| | § | |
| **DELIA GARZA A/K/A DELIA** | § | |
| **LUBIN, ET AL.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT DELIA LUBIN'S**
**MOTION TO DISMISS FOR INSUFFICIENT SERVICE [19]**

COME NOW Plaintiffs JUANA CRUZ, ET AL. (hereinafter "Plaintiffs"), and file their Response to an unserved Defendant DELIA LUBIN'S Motion to Dismiss for Insufficient Service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and will show unto the Court as follows:

### I.    SUMMARY OF THE ARGUMENT

On October 1, 2024, Plaintiffs filed suit in state court alleging human trafficking, exploitation of undocumented people for personal gain, trafficking, exploitation of government documents, tampering with government documents, abuse of working conditions, and Texas RICO cause of action, against the following named Defendants, DELIA GARZA A/K/A DELIA LUBIN, SOFIA LUBIN A/K/A SOFIA TREVINO, LORENA LUBIN, ALEJANDRO TREVINO and JUAN GARZA.

The Plaintiffs served Defendants SOFIA LUBIN and LORENA LUBIN at the

1

last known address for the Defendants. When Plaintiffs attempted to serve Defendant Delia Garza a/k/a Delia Lubin whom avoided service. A Motion for Substituted Service was filed and granted by the state court Judge on January 13, 2025.

On January 8, 2025 the served Defendants, Sofia Lubin and Lorena Lubin filed a removal to this Court.

On February 27, 2025, the Federal District Clerk issued a Summon on Delia Garza a/k/a Delia Lubin, which was unfortunately served on a management employee of Delia's Restaurant. Prior to service date, Plaintiffs' counsel requested from defense counsel, Stephen Quezada, if he would accept service on behalf of Defendant, Delia Garza a/k/a Delia Lubin.

Defense counsel Quesada responded via email, he could not accept service because he had not been contacted by the Defendant, Delia Garza a/k/a Delia Lubin.

On March 25, 2025, Plaintiffs' counsel sent via certified mail to Delia Garza a/k/a Delia Lubin at her last known address, pursuant to Federal Rule Procedure 4(c) and (d), seeking "waiver of service." *See attached Exhibit 1*. The certified mail green card was received in our office on March 28, 2025. *See attached Exhibit 2*. Defense counsel Ms. Valle sent an email to Plaintiffs' counsel stating the Request for Waiver of service addressed to Ms. Lubin was improper. *See attached Exhibit 3*.

On March 31, 2025, Plaintiffs filed their Motion for Leave to File their First Amended Complaint. Plaintiff's counsel will request Ms. Lubin be served personally.

## II.    ARGUMENT AND AUTHORITY

### A.  Standard of Review

The unserved Defendant, Delia Garza a/k/a Delia Lubin is correct in that service must be personally served on the Defendant, unless substitute service is authorized.

Although, the Court has broad discretion under Rule 12(b)(5), it makes absolutely no sense, and it would be a miscarriage of justice if this Court were to dismiss the Defendant, Delia Garza a/k/a Delia Lubin, certainly a dismissal with prejudice. Plaintiffs' counsel has been more than diligent in attempting to serve Ms. Lubin, and has requested a waiver from her in order to save the expenses of service and assessment of attorney's fees against the Defendant pursuant to Federal Rule Procedure 4(c) and (d).

### III. CONCLUSION

In conclusion, for the reasons stated herein, Defendant, Delia Garza a/k/a Delia Lubin's Motion should be Denied. Plaintiffs respectfully request this Court deny Delia Garza a/k/a Delia Lubin's Motion to Dismiss, and for such other further relief, general or special, both in equity and at law, to which Plaintiffs may justly show themselves entitled to.

Respectfully submitted,


*/s/ Ricardo Gonzalez*
RICARDO GONZALEZ
State Bar No. 08131490
U.S.D.C. No. 6152
OXFORD & GONZALEZ
124 S. 12th Ave.
Edinburg, TX. 78539
Phone: (956) 383-5654
Fax: (956) 381-0002
E-mail: ric@oxfordgonzalez.com

Richard Rene Alamia
Richard R. Alamia Attorney at Law
619 S. 12th Ave.(Main Office) 78539
Edinburg, TX 78539
Phone: (956) 381-5766
Fax: (956) 381-5774
E-mail: richard.alamia@yahoo.com


## CERTIFICATE OF SERVICE

This is to certify that on April 10, 2025, a true and correct copy of this document was served upon all interested parties via CM/ECF to the following:

Lorena Valle
ivalle@porterhedges.com
lalaniz@porterhedges.com

William Stukenberg
wstukenberg@porterhedges.com

Stephen Quezada
Stephen. quezada@ogletree.com


*/s/ Ricardo Gonzalez*
RICARDO GONZALEZ

4

# OXFORD & GONZÁLEZ

## Attorneys at Law

BRINKLEY L. OXFORD (1946-2004)
RICARDO GONZÁLEZ, P.C.

124 S. 12th Avenue
P. O. DRAWER 630
EDINBURG, TEXAS 78539-78540

Telephone (956) 383-5654
Fax (956) 381-0002

*__Via First Class Mail__*
*__And CMRRR No.9589 0710 5270 0086 9405 87__*

TO:    DELIA GARZA
       A/K/A DELIA LUBIN
       101 Pelican Avenue
       McAllen, Texas 78504

Re:    Civil Action No. 7:25-cv-00015; *JUANA CRUZ, ET AL. V. DELIA GARZA A/K/A DELIA LUBIN, ET AL.*; United States District Court, Southern District of Texas

Dear Ms. Garza-Lubin:

        Why are you getting this?

        A lawsuit has been filed against you, or the entity you represent, in this Court under the number shown above. A copy of the complaint is attached.

        This is not a summons, or an official notice from the Court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within (give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

        What happens next?

        If you return the signed waiver, I will file it with the Court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

        If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you, and I will ask the Court to require you, or the entity you represent, to pay the expenses of making service.

        Please read the enclosed statement about the duty to avoid unnecessary expenses.

        I certify that this request is being sent to you on the date below.

Date: March 25, 2025

_____
Ricardo Gonzalez
124 S. 12th Avenue
Edinburg, Texas 78539
Telephone: (956) 383-5654
E-Mail: ric@oxfordandgonzalez.com

EXHIBIT

1

DELIA GARZA
A/K/A DELIA LUBIN
March 25, 2025
Page 2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas ▼

| | | |
|---|---|---|
| JUANA CRUZ, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 7:25-CV-00015 |
| DELIA GARZA A/K/A DELIA LUBIN, ET AL. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: RICARDO GONZALEZ, OXFORD & GONZALEZ
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____03/25/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____                _____
*Printed name of party waiving service of summons*                *Signature of the attorney or unrepresented party*

 

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas    ▼

| | | |
|---|---|---|
| JUANA CRUZ, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  7:25-CV-00015 |
| DELIA GARZA A/K/A DELIA LUBIN, ET AL. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  RICARDO GONZALEZ, OXFORD & GONZALEZ

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____03/25/2025_____ , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# OXFORD & GONZÁLEZ

### Attorneys at Law

BRINKLEY L. OXFORD (1946-2004)    124 S. 12th Avenue    Telephone (956) 383-5654
RICARDO GONZÁLEZ, P.C.    P. O. DRAWER 630    Fax (956) 381-0002
EDINBURG, TEXAS 78539-78540

*Via First Class Mail*
*And CMRRR No.9589 0710 5270 0086 9375 56*

TO:    DELIA GARZA
       A/K/A DELIA LUBIN
       101 Pelican Avenue
       McAllen, Texas 78504

Re:    Civil Action No. 7:25-cv-00015; *JUANA CRUZ, ET AL. V. DELIA GARZA A/K/A
       DELIA LUBIN, ET AL.*; United States District Court, Southern District of Texas

Dear Ms. Garza-Lubin:

Enclosed please find a copy of the complaint which was inadvertently omitted from the first mailing to you.

Date: March 31, 2025

                      Ricardo González
                      124 S. 12th Avenue
                      Edinburg, Texas 78539
                      Telephone: (956) 383-5654
                      E-Mail: ric@oxfordandgonzalez.com





EXHIBIT

2

 Outlook

## Fw: Juana Cruz, et al. v. Delia Lubin, et al; Cause No. 7:25-CV-00015 -- Plaintiffs' Request for Waiver of Service

**From** ric oxfordandgonzalez.com <ric@oxfordandgonzalez.com>
**Date** Thu 4/10/2025 2:05 PM
**To** legalsecretary oxfordandgonzalez.com <legalsecretary@oxfordandgonzalez.com>

**From:** Valle, Lorena D. <LValle@porterhedges.com>
**Sent:** Thursday, April 10, 2025 10:54 AM
**To:** ric oxfordandgonzalez.com <ric@oxfordandgonzalez.com>; Richard.Alamia@yahoo.com <richard.alamia@yahoo.com>
**Cc:** Stukenberg, William R. <WStukenberg@porterhedges.com>; 'Quezada, Stephen J.' <stephen.quezada@ogletree.com>; Folk, Laura C. <LFolk@porterhedges.com>
**Subject:** Juana Cruz, et al. v. Delia Lubin, et al; Cause No. 7:25-CV-00015 -- Plaintiffs' Request for Waiver of Service

Ric,

Federal Rule of Civil Procedure 4(d) provides specific requirements for requesting a waiver of service. Plaintiffs' Request for Waiver of Service addressed to Ms. Delia Lubin was improper. As such, Ms. Delia will not be waiving service at this time. We will consider Plaintiffs' request if Plaintiffs properly follow the requirements in Rule 4.

Thanks,

**Lorena D. Valle** | Associate
**Porter Hedges LLP**

1000 Main St, 36th Floor | Houston, TX 77002
**t** 713.226.6716    **e** LValle@porterhedges.com
**Bio** • **Web** • **V-Card**

EXHIBIT

3

exhibitsticker.com