IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO.: 7:25-CV-00015 |
| | § | |
| | § | RELATED ACTION: |
| | § | CASE NO.: 7:23-CV-00343 |
| | § | |
| | § | |
| DELIA GARZA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DELIA GARZA'S MOTION FOR ORDER TO SHOW CAUSE
AND TO DISMISS PLAINTIFFS' CLAIMS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**
[Relates to ECF No. 25]

17331659

**TABLE OF CONTENTS**

**Page**

I.   Introduction and Summary of the Argument ........................................................... 1
II.  Factual Background, and Stage of the Proceedings ............................................... 1
    A.   The Parties .................................................................................................. 1
    B.   The Allegations ........................................................................................... 2
III. Argument & Authority ............................................................................................ 3
    A.   Legal Standard ............................................................................................ 3
    B.   Plaintiffs' fraudulent concealment claim should be dismissed. .............................. 6
        a.   Plaintiffs fail to allege the who, what, when, and where required under Rule 9(b). ................................................................................. 7
    C.   Plaintiffs' Exploitation of Undocumented Immigrants/Government Records should be dismissed. ...................................................................... 9
    D.   Plaintiffs' Racketeer Influence and Corrupt Organizations Act ("RICO") claim fails. ........................................................................................ 10
    E.   Plaintiffs' piercing the corporate veil claim fails. ................................................. 11
    F.   Plaintiffs' and Plaintiffs' counsel's conduct warrants sanctions under Rule 11 because the Complaint is filed for purposes of harassment and no reasonable inquiry into the facts was made. ......................................................... 13
CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACS Partners, LLC v. GFI Mgmt. Servs., Inc.*,
  No. CV H-15-1111, 2015 WL 9319235 ................................................................................12

*Adams v. Nissan N.A., Inc.*,
  395 F.Supp.3d 838 (S.D. Tex. 2018) ......................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................4

*Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*,
  No. 3:17-CV-1147-D, 2018 WL 2100041 (N.D. Tex. May 7, 2018) ....................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................4

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
  343 F.3d 719 (5th Cir. 2003) ..................................................................................................7

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,
  498 U.S. 533 (1991) ................................................................................................................5

*Childs v. State Farm Mut. Auto Ins. Co.*,
  29 F.3d 1018 (5th Cir. 1994) ..................................................................................................6

*Cox v. S. Garrett, LLC*,
  245 S.W.3d 574 (Tex. App.—Houston [1st Dist.] 2007, no pet.) .........................................11

*Crowe v. Henry*,
  43 F.3d 198 (5th Cir. 1995) ..................................................................................................10

*Dow Chemical Co. v. Francis*,
  46 S.W.3d 237 (Tex. 2001) .....................................................................................................8

*Elliott v. Foufas*,
  867 F.2d 877 (5th Cir. 1989) ................................................................................................10

*Elson v. Black*,
  56 F.4th 1002 (5th Cir. 2023) ............................................................................................4, 7

*Goldstein v. Mortenson*,
  113 S.W.3d 769 (Tex. App.—Austin 2003, no pet.) ............................................................12

*Gurganus v. Furniss*,
   No. 3:15-CV-03964-M, 2016 WL 3745684 (N.D. Tex. July 13, 2016) ................................... 9

*Heden v. Hill*,
   937 F.Supp. 1230 (S.D. Tex. 1996) ............................................................................... 10, 11

*Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*,
   912 F.3d 759 (5th Cir. 2019) ................................................................................................ 4

*Jenkins v. Methodist Hosps. of Dallas, Inc.*,
   478 F.3d 255 (5th Cir. 2007) ................................................................................................ 6

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ................................................................................................ 3

*Khan v. Wells Fargo Bank, NA*,
   No. 4:15-cv-3210, 2017 WL 568337 (S.D. Tex. Feb. 13, 2017) (Atlas, J.) ............................ 5

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ................................................................................................ 4

*Mancorp, Inc. v. Culpepper*,
   802 S.W.2d 226 (Tex. 1990) .............................................................................................. 12

*Matta v. May*,
   118 F.3d 410 (5th Cir. 1997) ................................................................................................ 5

*Merriman v. Security Ins. Co. of Hartford*,
   100 F.3d 1187 (5th Cir. 1996) .............................................................................................. 6

*Mora v. Univ. Of Tex. Sw. Med. Ctr.*,
   469 F. App'x 295 (5th Cir. 2012) .......................................................................................... 4

*Pace v. Cirrus Design Corp.*,
   93 F.4th 879 (5th Cir. 2024) ................................................................................................. 9

*Rodriguez v. Gilead Scisc., Inc.*,
   2015 WL 236621 (S.D. Tex. Jan. 16, 2015) ......................................................................... 4

*Sanderson v. Allstate Fire & Cas. Ins. Co.*,
   CV H-22-3536, 2023 WL 417478 (S.D. Tex. Jan. 25, 2023) ................................................ 7

*Synergy Strategic Sols., LLC v. Totus Sols., Inc.*,
   No. 3:16-CV-2639-S, 2019 WL 1406599 (N.D. Tex. Mar. 28, 2019) .................................... 9

*Thomas v. Capital Sec. Servs., Inc.*,
   812 F.2 984, 989 (5th Cir. 1987) .......................................................................................... 5

*Ultraflo Corp. v. Pelican Tank Parts, Inc.*,
  926 F. Supp.2d 935 (S.D. Tex. 2013) ..................................................................................6

*United States v. Lakeway Reg'l Med. Ctr., LLC*,
  No. 19-CV-00945-JRN, 2020 WL 6146571 (W.D. Tex. Feb. 13, 2020) ..................................9

*Vogt v. Marin Mgmt., LLC*,
  SA-13-CA-617-FB, 2014 WL 12661891 (W.D. Tex. Mar. 14, 2014) ...................................12

*Williams v. WMX Tech., Inc.*,
  112 F.3d 175 (5th Cir. 1997) ................................................................................................7

*Zucker v. Farish*,
  No. 3:18-cv-1790-K, 2018 WL 6570867 (N.D. Tex. Dec. 12, 2018)................................9, 11

**Statutes**

TEX. BUS. ORGS. CODE § 21.223..................................................................................................11

TEX. BUS. ORGS. CODE § 21.223(b) .............................................................................................12

**Other Authorities**

FED. R. CIV. P. 8(a)(2) ...................................................................................................................3

FED. R. CIV. P. 9 ............................................................................................................................7

FED. R. CIV. P. 9(b) .........................................................................................................4, 7, 8, 9, 10

FED. R. CIV. P. 11 ..........................................................................................................3, 5, 6, 12, 13

FED. R. CIV. P. 11(b) ......................................................................................................................5

FED. R. CIV. P. 11(b)(1) ................................................................................................................13

FED. R. CIV. P. 11(c)(1) ..................................................................................................................5

FED. R. CIV. P. 12(b)(6)....................................................................................................3, 4, 9, 13

17331659

Defendant Delia Garza ("Defendant") files this Motion for Order to Show Cause as to the factual and evidentiary basis for naming Defendant Delia Garza ("Ms. Garza" or "Defendant") as a party to this lawsuit and to Dismiss Plaintiff Juana Cruz, et al.'s ("Plaintiffs") claims against Defendant (the "Motion") pursuant to Rule 12(b)(6). In support thereof, Defendant would show the Court as follows:

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiffs and their counsel filed this complaint against Ms. Garza in bad faith knowing that their factual contentions lack evidentiary support and are made for the purpose of harassment. While parties are afforded latitude in terms of advocacy or creativity, the claims underlying Plaintiffs' First Amended Complaint (the "Complaint") cannot be asserted in good faith and are based on fabricated facts. Defendant's counsel has advised Plaintiffs' counsel repeatedly that Ms. Garza is an elderly woman who has not made business decisions regarding non-party Delia's in over 7 years. Yet, Plaintiffs and their counsel have relentlessly pursued harsh, unfounded claims against Ms. Garza that are clearly for purposes of harassment and leverage. Plaintiffs should be required to personally appear before this Court and provide testimony for their evidentiary and factual basis for their claims against Defendant. Plaintiffs will be unable to provide any such basis and even viewing their Complaint's factual allegations in the light most favorable to Plaintiffs, their Complaint fails to sufficiently allege facts supporting claims against Ms. Garza for which relief may be granted. Accordingly, Plaintiffs' claims against Defendant should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND, AND STAGE OF THE PROCEEDINGS

### A. The Parties

Plaintiffs are former employees of non-party Delia's. *See* Compl. at ¶ 19. They were terminated due to their legal status, and because they did not have the appropriate work authorization documents. *Id.* at ¶¶ 30-31.

Defendant Delia Garza started Delia's, a restaurant that is a non-party to this lawsuit, by selling tamales out of the trunk of her car to provide for her young family. The restaurant continues to be named after her, however, she is now an elderly woman who no longer partakes in the business's affairs. Ms. Garza has not been involved in Delia's decision making since at least 2018.

### B. The Allegations

Plaintiffs' Complaint makes vague allegations that:

- Delia Garza . . . *or her family members* provided [social security cards] to Plaintiffs.

- Delia Garza *and/or extended family* . . . would hire undocumented immigrants and provide them fake social security cards and fake permanent resident cards. . . . which was a common practice for Defendants.

- Plaintiffs were supplied with fake social security card numbers and fake permanent resident cards . . . by ***Delia's Tamales employees and some of whom are Delia's relatives*** . . .

- Delia Garza . . . *and other Defendant family members* are owners *and/or* an officer of Delia's. . . .controlled Delia's.

- Delia *and her extended family* who were the "principals," "management staff" *or* "owners" of Delia's Tamales which constitutes an "Enterprise."

- *Defendants* . . . terminated Plaintiffs because of their legal status.

- *Defendants* . . . supplied or authorize the supply or were fully aware Plaintiffs were being provided with false documents to commit fraud.

- Plaintiffs were led to believe by the *Defendants* that their retirement/social security deductions were being deposited into their social security account.

*See* Dkt. No. 25 at ¶¶ 15, 21, 24, 25, 28, 30, 31, 32. Plaintiffs' Complaint makes no mention that Ms. Garza individually participated in any alleged conduct or that she was involved

2

17331659

individually in the business. Instead, the Complaint groups all defendants together and is full of vague and conclusory allegations that is wholly defective. As explained below, this Court should issue an order requiring each individual Plaintiff and their counsel to personally appear in person before this Court to show cause as to why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11 and further:

(1) Requiring each Plaintiff to personally appear before this Court and provide testimony regarding the factual and evidentiary basis for their claims against Ms. Garza, including but not limited to, claims that Ms. Garza provided them with "fake social security cards," "fake permanent resident cards," and hired "undocumented immigrants," such as Plaintiffs.

(2) Requiring each Plaintiff to provide testimony regarding the factual and evidentiary basis for naming Ms. Garza as a Defendant.

(3) Requiring Plaintiffs' counsel to provide testimony regarding their inquiry or investigation as to the claims Plaintiffs have brought against Ms. Garza and for naming Ms. Garza as a Defendant.

(4) Setting the show-cause portion of this Motion for an expedited in person show-cause hearing at the Court's earliest availability after the expiration of the time period for Plaintiffs and their counsel to respond to the Motion;

(5) Requiring each Plaintiff to personally appear in person at the show-cause hearing;

(6) Ordering each Plaintiff to bring any documents, records, or evidence supporting their allegations against Ms. Garza to the show-cause hearing;

(7) Upon Plaintiffs' and their counsel's inability to provide factual and evidentiary basis for their claims, dismissing Ms. Garza with prejudice from this lawsuit; and

(8) Ordering each Plaintiff and their counsel to pay Defendant's reasonable expenses, including attorneys' fees, incurred as a result of naming Ms. Garza as a defendant in this lawsuit.

### III.   ARGUMENT & AUTHORITY

**A. Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a

3

17331659

plaintiff's complaint for "failure to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under Rule 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). 15. To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When alleging fraud, "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Rule 9(b) "demands 'the who, what, when, and where [to] be laid out before access to the discovery process is granted." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (emphasis in original)). 17. In ruling on a Rule 12(b)(6) motion, the court must (1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth, and (2) consider the factual allegations to determine if they plausibly suggest a claim for relief. *Iqbal*, 556 U.S. at 679. The Court should dismiss Primoris's claims under Rule 12(b)(6) because Primoris failed to provide fair notice of the nature of the claims and plausible factual allegations to support the claims. *Id.* at 678.

Additionally, a motion to dismiss for failure to state a claim upon which relief can be granted "can be based not only on an omission in a plaintiff's claims[,] but [also] on the inclusion of factual assertions that contradict a claim or support an affirmative defense. . . ." *Rodriguez v. Gilead Scisc., Inc.*, 2015 WL 236621, at *2 (S.D. Tex. Jan. 16, 2015); *see also Mora v. Univ. Of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012) (granting a motion to dismiss where plaintiff's claim was "contradicted by other facts alleged in the complaint, making the claim implausible on its face.").

Moreover, Rule 11 of the Federal Rules of Civil Procedure authorizes the Court to impose an appropriate sanction on any attorney, law firm, or party violating Rule 11(b). FED. R. CIV. P. 11(c)(1). Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it— an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

FED. R. CIV. P. 11(b). As held by the Southern District, the "purpose of Rule 11 is to 'deter baseless filings in district court.'" *Khan v. Wells Fargo Bank, NA*, No. 4:15-cv-3210, 2017 WL 568337, at *4 (S.D. Tex. Feb. 13, 2017) (Atlas, J.) (citation omitted). To achieve this purpose, Rule 11 provides "a means by which litigants certify to the court, by signature, that any papers filed are well founded." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991). Sanctions are appropriate "where, *at the time of the filing*, the position advocated is unwarranted." *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997) (emphasis added). Further, to determine whether Rule 11 sanctions are appropriate, a court must decide whether: (1) a reasonable

5

17331659

inquiry into the facts was made; (2) reasonable inquiry into the law as made; (3) the action was taken to harass, delay or increase unnecessary costs of litigation; and (4) the attorney has met their continuing obligation to re-evaluate their litigation position. *Thomas v. Capital Sec. Servs., Inc.*, 812 F.2 984, 989 (5th Cir. 1987). The standard for reviewing an attorneys' conduct is one of objective reasonableness under the circumstances, not subjective belief. *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007); *Childs v. State Farm Mut. Auto Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994). "An attorney who files court papers with no basis in fact needs no more notice [of the Rule 11 violation] than the existence of the Rule 11 itself." *Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996) (citation omitted).

**B.  Plaintiffs' fraudulent concealment claim should be dismissed**.

Under Texas law, fraudulent concealment is not an independent cause of action, rather it is a doctrine relating to a statute of limitations defense. *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp.2d 935, 949–50 (S.D. Tex. 2013) (holding that fraudulent concealment suspends or tolls the running of the limitations period and applies when the party asserting it establishes an underlying tort and shows that the defendant actually knew that the plaintiff was wrong). Fraudulent concealment requires that a plaintiff demonstrate the defendant had (1) actual knowledge that a wrong occurred, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong. *Adams v. Nissan N.A., Inc.*, 395 F.Supp.3d 838, 846–47 (S.D. Tex. 2018).

Plaintiffs are not asserting that fraudulent concealment tolled their claims. For that reason alone, this claim should be dismissed. Additionally, Plaintiffs have failed to plead facts that, despite due diligence, they failed to discover facts giving rise to their cause of action or that they reasonable relied on the deception. *Adams*, 395 F.Supp.3d at 847. While Plaintiffs fail to plead that the existence of an underlying tort or wrongful act committed by Defendant that was concealed, assuming *arguendo*, that the alleged wrong is being "led to believe . . . that their deductions were

6

17331659

to be credited to their social security account," Plaintiffs at no point establish reasonable reliance. Compl. at ¶ 27. Specifically, Plaintiffs do not allege that they reasonably relied on any affirmative representation by Defendant that such deductions were, in fact, being credited. Moreover, Plaintiffs do not assert that they undertook any reasonable steps to verify their unilateral assumption that deductions were being credited. Instead, they only make one vague allegation that "some plaintiffs" visited the local social security office after being terminated and at that point realized "their social security numbers were invalid." *See* Compl. at ¶ 28. For these reasons, Plaintiffs' fraudulent concealment claim should be dismissed.

### a. Plaintiffs fail to allege the who, what, when, and where required under Rule 9(b).

If this Court construes the fraudulent concealment claim as a fraud claim, Plaintiffs' claim still fails because they have not plead sufficient facts to survive dismissal. Rule 9 requires that a party alleging fraud "state with reasonable particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). To satisfy the heightened pleading standard for fraud, Plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (internal citation omitted); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."). Rule 9(b) demands "the who, what, when, and where [to] be laid out before access to the discovery process is granted." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (emphasis in original) (citing *Williams*, 112 F.3d at 178). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Sanderson v. Allstate Fire & Cas. Ins. Co.*, CV H-22-3536, 2023 WL 417478, at *2 (S.D. Tex. Jan. 25, 2023).

Fraud occurs when: (1) a party makes a material representation; (2) the misrepresentation is knowingly false or was asserted without knowledge of the truth; (3) the party intends the other party to take some action by concealing or failing to disclose the truth; and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

The Complaint wholly fails to provide even the most basic information required by Rule 9(b). Aside from the vague, conclusory assertions, there are no factual allegations that Defendant engaged in any of this conduct. Plaintiffs make no attempt to identify any false statements that were made or that Defendant failed to disclose any material facts. While they allege that they were "supplied with fake social security cards" and "led to believe by the Defendants that the retirement/social security deductions were being deposited into their social security account," they fail to identify a single statement made by Defendant regarding the authenticity of the social security cards or deposits allegedly made. Compl. at ¶¶ 15, 27–29. Even assuming Defendant provided them with fraudulent social security cards (Defendant did not), Plaintiffs do not allege that Defendant ever represented (or misrepresented) that the cards were genuine. Similarly, Plaintiffs did not allege a single representation (or misrepresentation) made by Defendant regarding any social security or retirement deductions.

Because they fail to identify any specific false statement, Plaintiffs necessarily also fail to identify when, where, or by whom such statement was made. To the contrary, Plaintiffs assign responsibility of allegedly supplying "fake social security cards" and leading Plaintiffs to believe that "retirement/social security deduction were being deposited into their social security account" in the most general terms conceivable, alleging only that terminating employees was "a common practice of Defendants." Compl. at ¶¶ 15, 27–29. Rather than plead with particularity, Plaintiffs

group-pleaded its claims, improperly lumping all Defendants together. Group-pleaded allegations such as: "Plaintiffs were led to believe, by these Defendants, [who were the principals, management staff or owners], that their deductions were going to be credited to their social security account" cannot, as a matter of law, satisfy the requirement to plead the "who" with particularity. *See, e.g.*, *United States v. Lakeway Reg'l Med. Ctr., LLC*, No. 19-CV-00945-JRN, 2020 WL 6146571, at *2 (W.D. Tex. Feb. 13, 2020); *Zucker v. Farish*, No. 3:18-cv-1790-K, 2018 WL 6570867, at *4 (N.D. Tex. Dec. 12, 2018). Defendants are individuals. Yet at no point in their Complaint do Plaintiffs ever identify who made any "representations" that provides the basis for their claims. By grouping all Defendants together, Plaintiff requires Ms. Garza to parse through the Complaint to make educated guesses regarding which Defendant made which statement to which Plaintiff. *See Lakeway Regional Medical Ctr.*, 2020 WL 6146571, at *2. "This type of confusion is exactly what Rule 9(b)'s heightened standard is designed to prevent." *Id.*

Moreover, Plaintiffs' only claim about Defendant's role in the alleged fraud is her "ownership" or "officer" position for non-party Delia's, but that is not enough to establish actual fraud. *See Synergy Strategic Sols., LLC v. Totus Sols., Inc.*, No. 3:16-CV-2639-S, 2019 WL 1406599, at *7 (N.D. Tex. Mar. 28, 2019) (finding Rule 9(b) not met and rejecting assertion that a directors' position and had heavy involvement with the company meant he was aware of the fraudulent activity); *Gurganus v. Furniss*, No. 3:15-CV-03964-M, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) (plaintiff's conclusory allegations that defendants "called the shots" were insufficient). The pleading requirements of Rules 9(b) and 12(b)(6) are designed to avoid the conclusory allegations and conjecture set forth by Plaintiffs. For these reasons, Plaintiffs' Complaint should be dismissed.

## C. Plaintiffs' Exploitation of Undocumented Immigrants/Government Records should be dismissed.

The heightened pleading requirements of Rule 9(b) apply when the claim "sounds in fraud," regardless of how the claim is named or otherwise identified. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024). The basis of Plaintiffs' "Exploitation of Undocumented Immigrants/Government Records" (which, as plead, is not an actionable claim under Texas law), relates to Defendant's alleged supply of "fake social security cards and permanent resident cards to Plaintiffs." Compl. at ¶ 30. As explained above, Plaintiffs fail to plead the "particularity" required by Rule 9(b)—the who, what, when, where, and how of such a statement or claim. Plaintiffs only allegation relating to a misrepresentation concerns their legal status; a status that Plaintiffs alleges was "fully known by Defendants." Compl. at ¶¶ 15, 30-31. However, Plaintiffs do not claim that Defendant misrepresented to Plaintiffs anything concerning Plaintiffs' legal status or that Plaintiffs were unaware of their own legal status. Plaintiffs have failed to plead, much less explain, how Plaintiffs' termination from a non-party entity due to their legal status constitutes fraud by Defendant. Accordingly, Plaintiffs' claim for "exploitation of undocumented immigrants/government records" against Defendant should be dismissed.

**D. Plaintiffs' Racketeer Influence and Corrupt Organizations Act ("RICO") claim fails.**

To survive dismissal, Plaintiffs' RICO claim must show: (1) the conduct; (2) of an enterprise; (3) through pattern; (4) of racketeering. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Plaintiffs must plead specific facts "implying [an] agreement to commit predicate acts of racketeering." *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995). Plaintiffs' RICO claims must be pled with the particularity required by Rule 9(b). *Heden v. Hill*, 937 F.Supp. 1230, 1243 (S.D. Tex. 1996). Additionally, Plaintiffs must show how each specific act of mail or wire fraud actually furthered a fraudulent scheme, who caused what to be mailed or wired when, and how the mailing or wiring furthered the fraudulent scheme. *Id.* Plaintiffs must also show that the defendants made fraudulent representations or omissions reasonable calculated to deceive. *Id.*

10

Plaintiffs' RICO claim fails to satisfy Rule 9(b)'s pleading requirement. Plaintiffs alleged that the "RICO Defendants" "devised or intended to devise a scheme to defraud Plaintiffs." Compl. at ¶ 34. However, Plaintiffs do not plead "who" with particularity; Plaintiffs do not specify who the "RICO Defendants" are. To the extent they mean the Defendants in this lawsuit, there are four individual defendants. Accordingly, Plaintiffs do not plead "who" with particularity.

Plaintiffs do not cite any specific, prior factual allegations within their Complaint that would support a claim of wire or mail fraud. Instead, Plaintiffs make conclusory allegations of mail and wire fraud in hopes that through their shotgun pleading, some facts will support their RICO claim. *See Zucker*, 2018 WL 6570867, at *4; Compl. at ¶¶ 36, 37.

Similarly, Plaintiffs could not point to a single specific act, much less a pattern of racketeering activity that Defendant partook in. *See Heden*, 937 F.Supp. at 1244 (holding that plaintiff did not demonstrate a pattern of racketeering activity because plaintiff could not show a series of related predicate acts extended over a substantial period of time). Instead, Plaintiffs just point to a mere elusive concept that the alleged racketeering activities continued from 2002 through 2023. Compl at ¶ 39. A recitation of the elements, and the vague and conclusory allegations in the Complaint are not sufficient to survive dismissal. Accordingly, Plaintiffs' RICO claim against Defendant should be dismissed.

### E. Plaintiffs' piercing the corporate veil claim fails.

Piercing the corporate veil is not an independent cause of action; it is a means of imposing liability for an underlying cause of action. *Cox v. S. Garrett, LLC*, 245 S.W.3d 574, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Plaintiffs' "piercing the corporate veil" claim necessarily fails because it is not an independent cause of action and Plaintiffs have not alleged an underlying cause of action that Defendant should be liable for. Even if Plaintiffs could pierce Delia's corporate veil to claim that Defendant is liable for a cause of action, Plaintiffs have not alleged sufficient

11

facts to survive dismissal. Under Section 21.223 of the Texas Business Organization Code, the corporate veil can be pierced and an affiliate held liable only if: (1) the affiliate caused the corporate form to be used for the purpose of perpetrating actual fraud; (2) the affiliate did commit actual fraud against the plaintiff; and (3) the fraud was committed primarily for the direct personal benefit of the affiliate. TEX. BUS. ORGS. CODE § 21.223(b); *see also Vogt v. Marin Mgmt., LLC*, SA-13-CA-617-FB, 2014 WL 12661891, at *2 (W.D. Tex. Mar. 14, 2014). As discussed herein, Plaintiffs' group-pleaded and conclusory allegations are insufficient to sustain any fraud claim.

In addition, as to whether an alter ego relationship exists, courts "consider evidence of: (1) the payment of alleged corporate debts with personal checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his personal use; (4) inadequate capitalization; and (5) other failures to keep corporate and personal assets separate." *ACS Partners, LLC v. GFI Mgmt. Servs., Inc.*, No. CV H-15-1111, 2015 WL 9319235, at *2 (citing *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 229 (Tex. 1990)). But an individual's position as a director or an officer of an entity is insufficient to support a finding of alter ego on its own. *Id.* (citing *Goldstein v. Mortenson*, 113 S.W.3d 769, 781 (Tex. App.—Austin 2003, no pet.)). Plaintiffs fail to allege facts to plausibly show an alter ego relationship. Rather, Plaintiffs simply point to Defendant's position as an "owner." Compl. at ¶ 45. Plaintiffs also merely recite some of the factors courts consider when assessing alter ego liability without including any supporting facts. *See Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, No. 3:17-CV-1147-D, 2018 WL 2100041, at *3 (N.D. Tex. May 7, 2018) (dismissing alter ego claim because the plaintiffs merely recited factors without any factual content); *see also* Compl. at ¶ 45. Plaintiffs' hollow accusations without factual support are not enough to survive dismissal.

**F. Plaintiffs' and Plaintiffs' counsel's conduct warrants sanctions under Rule 11 because the Complaint is filed for purposes of harassment and no reasonable inquiry into the facts was made.**

Rule 11's "improper purpose clause," at its core, requires the party filing a paper to certify that to the best of their knowledge, formed after an inquiry reasonable under the circumstances, "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). As shown above, there is no evidentiary basis for any of the allegations against Defendant. Plaintiffs offer no concrete facts to support her involvement in the alleged conduct. The Complaint's references to Defendant are conclusory and consistently coupled with "her relatives," undermining any good-faith basis for asserting Defendant personally engaged in the alleged conduct in the Complaint. Plaintiffs' decision to name Defendant appears calculated to harass or intimidate her or to create leverage against other defendants—an improper purpose directly prohibited by Rule 11.

Plaintiffs and their counsel failed to conduct a reasonable pre-filing inquiry into Defendant's connection to the alleged facts. And they continue to ignore information provided by Defendant's counsel regarding Defendant's age, health, and involvement in this matter. As such, Defendant requests the Court to issue an order to show cause as to why Plaintiffs should not be sanctioned and appear before this Court to provide testimony regarding their evidentiary and factual basis for naming Ms. Garza as a Defendant in this lawsuit.

## CONCLUSION

For these reasons, Defendant requests that the Court grant this Motion to Dismiss under Rule 12(b)(6), to issue an Order to Show Cause as to the Factual and Evidentiary Basis of Plaintiffs' Claims Against Delia Garza, and to appear before this Court to provide testimony as to why Plaintiffs and their Counsel should not be sanctioned for the filing and continued advocacy of the frivolous claims against Ms. Garza. Defendant also requests that Plaintiffs be ordered to pay

13

Defendant's reasonable expenses, including attorneys' fees, incurred in relation to naming Ms. Garza as a defendant. Finally, Defendant requests that she be dismissed with prejudice.

Dated: July 28, 2025

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas  77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas St., Ste 3000
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**Attorneys for Defendant Delia Garza**

### Certificate of Service

The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing and notice system on July 28, 2025.

*/s/ Lorena D. Valle*
Lorena D. Valle