IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § § § § § § § § § § | CASE NO.: 7:25-CV-00015<br><br>RELATED ACTION:<br>CASE NO.: 7:23-CV-00343 |
| DELIA GARZA, ET AL., | § § § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED SECOND MOTION FOR LEAVE TO AMEND COMPLAINT**

**1. Background and Summary of the Response**

The deadline to amend pleadings and add new parties was March 31, 2025. Dkt. No. 15. Nonetheless, before the Court is Plaintiffs' Second Motion for Leave to Amend Complaint (the "Motion") that is four months late. Plaintiffs' belated Motion seeks leave to file a Second Amended Complaint to add a new party to "correct" what Plaintiffs mischaracterize as a "misnomer." Their request, however, is not to correct a misnomer. Instead, it is an attempt to belatedly add a new party to this lawsuit. This untimely request for leave again highlights Plaintiffs' disregard for substantive matters, deadlines, and further delays.

A single, erroneous reason props up Plaintiffs' request to belatedly add a new party: "leave to amend a petition is to be 'freely given when justice so requires.'" Dkt. No. 42 at ¶ 1. That is it. Plaintiffs' Motion is totally devoid of any reason that supports their belated request and applies an incorrect standard under Rule 15.

1

## 2. **Argument & Analysis**

### A. **Plaintiffs' Motion is incorrect as to the procedural posture.**

Plaintiffs' Motion incorrectly states that this case was filed on August 23, 2023. It was actually filed on October 1, 2024. Dkt. No. 1-2. It also states that it was removed on October 6, 2023. That too is not accurate. This case was removed on January 8, 2025. Dkt. No. 1.

### B. **Plaintiffs' Motion should be denied because it fails to address, much less establish, the requisite standard for the relief they seek.**

Plaintiffs argue that under "Rule 15(a), leave to amend a petition is to be 'freely given when justice so requires.'" Dkt. No. 42 at ¶ 1 (citing FED. R. CIV. P. 15(a)). Rule 15, however, does not apply because Plaintiffs' request is untimely—the deadline to amend passed nearly four months ago. See Dkt. No. 15; *see also Squyers v. Heico Cos., L.L.C.*, 782 D.3d 224, 237 (5th Cir. 2015). Simply put, nothing in Plaintiffs' Motion addresses the requisite standard for the relief they seek. The Court should deny Plaintiffs' Motion for this reason alone.

What Plaintiffs actually seek is a departure from the pleading amendment deadline and modification of this Court's scheduling order. Rule 16(b) is therefore the applicable Rule. *See Squyers*, 782 D.3d at 237 (explaining after the scheduling order's deadline to amend has passed, Rule 16(b) governs the amendment of pleadings). Under FED. R. CIV. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." As explained below, Plaintiffs' belated Motion does not even mention good cause, much less establish it.

### C. **The Court should deny Plaintiffs' Motion because Plaintiffs fail to establish "good cause."**

Courts consider four factors when determining good cause under Rule 16(b): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a

2

continuance to cure such prejudice." *Squyres*, 782 F.3d at 237 (alterations in original) (quotation marks omitted). Plaintiffs bear the burden of establishing good cause. *Id.*

Plaintiffs' Motion does not attempt to argue, much less establish, the requisite "good cause" standard under Rule 16. But even if Plaintiffs had argued the correct Rule and standard, their Motion would still fail because good cause simply does not exist here.

### (i) Plaintiffs fail to provide any explanation for their failure to timely comply with the Court's scheduling order.

Plaintiffs' Motion does not articulate any explanation for their failure to timely comply with the Court's scheduling order. *See* Dkt. No. 42 at pp. 1-8. Plaintiffs merely offer: (1) Rule 15(a) and an explanatory case; (2) that one of the named Plaintiffs informed Plaintiffs' counsel that "Alejandro Trevino" is a "misnomer;" and (3) Plaintiffs attempted to serve "Alejandro Trevino." *Id.* Plaintiffs' lack of any explanation for their failure to timely comply with this Court's scheduling order is fatal to their Motion, and as such, it should be denied. *See Veldekens v. GE HFS Holdings, Inc.*, 2008 WL 190442, at *4 (S.D. Tex. Jan. 22, 2008) (holding that no good cause was found where plaintiff failed to explain the delay in, or importance of, the proposed amended pleading, and allowing it would be prejudicial to defendant). Indeed, there is no explanation for Plaintiffs' failure to timely comply with this Court's scheduling order, particularly considering the addition of a brand new party almost 10 months after the filing of this case.

Moreover, Plaintiffs' Motion necessarily contradicts any argument (though none is made) that they were unaware Defendant "Alejandro Trevino" is incorrectly named as a defendant and that the correct defendant should be "Alberto Trevino." Plaintiffs' own Motion states that "Plaintiffs' Co-Counsel, Richard Rene Alamia, was informed of the misnomer of the defendant Alejandro Trevino by ***one of the named plaintiffs***." Dkt. No. 42 at ¶ 6. Plaintiffs' initial disclosures

17338870v2

names "Alberto Trevino" as an individual "likely to have discoverable information." *See* Dkt. No. 34 at ¶ 14. This confirms that Plaintiffs have always known the correct defendant's name.

Plaintiffs have also unreasonably delayed in seeking to amend for a second time. Plaintiffs' case has been filed since October 1, 2024. *See* Dkt. No. 12. Yet, Plaintiffs did not request an issuance of summons for Alejandro Trevino until May 1, 2025. Dkt. No. 32. On June 23, 2025—almost two months after the request for summons—this Court Ordered Plaintiffs to serve Alejandro Trevino by July 3, 2025, or show cause in writing why service has not been accomplished and why the court should allow more time for service. Dkt. No. 35. Plaintiffs did not comply with the Order. Instead, Plaintiffs filed this Motion 7 days after the Order's deadline, requesting addition of "Alberto Trevino" as a named defendant. Notably, Plaintiffs' Motion attaches a "Report of Attempts" stating that on May 10, 2025, service on Alejandro Trevino was attempted but there was "no knowledge of the defendant." Dkt. No. 42-2. While Plaintiffs have established that they were always aware that Alejandro Trevino was the incorrect defendant, this attempted service should have confirmed that. Yet, Plaintiffs waited two months after the attempted service to file this Motion without any explanation for the delay.[1]

**(ii)   Plaintiffs do not offer any argument regarding the supposed importance of the proposed amendment.**

Plaintiffs do not, and cannot, argue that their proposed amendment is important, especially because it still names Alejandro Trevino as a defendant:

---

[1] Even if the Court were to consider Plaintiffs' Motion under Rule 15, the Court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4

17338870v2



Plaintiffs offer no explanation as to why allowing a belated amendment would be warranted on the basis that Alejandro Trevino is the "incorrect party" when their proposed amendment still names him as a defendant.

### 3.  Conclusion

For all these reasons, Defendants Sofia Lubin and Lorena Lubin respectfully request that the Court deny Plaintiffs' Second Motion for Leave to Amend Complaint and grant Defendants all such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: July 31, 2025

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
PORTER HEDGES LLP
1000 Main Street, 36th Floor

5

17338870v2

Houston, Texas  77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas St., Ste 3000
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**Attorneys for Defendants Sofia Lubin and Lorena Lubin**

### Certificate of Service

The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing and notice system on July 31, 2025.

/s/ *Lorena D. Valle*
Lorena D. Valle