IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, ET AL., § § | | |
| Plaintiffs, § | CAUSE NO. 7:25-CV-00015 | |
| v. § § | | |
| DELIA GARZA, ET AL., § § | | |
| Defendants. § § § § § | RELATED ACTION:<br>CAUSE NO.: 7:23-CV-0343 | |

**DEFENDANT DELIA LUBIN'S (GARZA) ORIGINAL ANSWER
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Delia Lubin (Garza) ("Defendant") hereby files this Original Answer to Plaintiffs Juana Cruz, *et al.*'s ("Plaintiffs") Second Amended Complaint [ECF No. 49] ("Complaint").

**ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies each and every allegation set forth in the Complaint except for those expressly and specifically admitted below. The adoption of Plaintiffs' headings for organizational purposes does not reflect an admission of any kind. Defendant's numbered responses set forth her admissions, denials, and statements regarding a lack of knowledge or information.

**I.   DISCOVERY LEVEL**

1.   Defendant admits that discovery should be conducted pursuant to the Rules and denies that there is a "Level 2" under those Rules, as alleged by Plaintiffs.

17333321

## II. PARTIES AND SERVICE

2. Defendant is without sufficient information to admit or deny the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant is without sufficient information to admit or deny the allegations in Paragraph 5.

## III. JURISDICTION AND VENUE

6. Defendant admits the Court has subject matter jurisdiction over Plaintiffs' claims. Defendant denies, however, that she is liable to Plaintiffs.

7. Defendant admits that venue is proper in the Southern District of Texas.

## IV. INTRODUCTION

8. The allegations in Paragraph 8 do not contain any factual allegations that require admission or denial from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

17333321

## V.    NATURE OF CLAIMS

14.    Defendant admits that Plaintiffs purport to bring this lawsuit as a collective action under the RICO Acts. Defendant denies the remaining allegations in Paragraph 14.

15.    Defendant denies the allegations in Paragraph 15.

A.  Fraudulent Concealment

Defendant denies the allegations in Subsection A.

B.  Exploitation of Undocumented Individuals/ Government Records

Defendant denies the allegations in Subsection B.

## VI.    FACTS

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant denies that she has an ownership interest, manages, or operates "Delia's Tamales." To the extent Plaintiffs' reference of "Delia's Tamales" meant the entity Delgar Foods, LLC d/b/a Delia's ("Delgar Foods, LLC"), Defendant admits that she has a minority ownership interest in Delgar Foods, LLC and that Delgar Foods, LLC's principal place of business is in Hidalgo County, Texas. Defendant denies the remaining allegations in Paragraph 17.

18.    To the extent Plaintiffs' reference of "Delia's Tamales" meant the entity Delgar Foods, LLC, Defendant admits that Delgar Foods, LLC has locations at the addresses listed in Paragraph 18. Defendant denies the remaining allegations in Paragraph 18.

19.    To the extent Plaintiffs' reference of "these restaurants" meant the entity Delgar Foods, LLC, Defendant denies that Jose Elias NG was employed by Delgar Foods, LLC. Defendant admits that the remaining Plaintiffs were employed by Delgar Foods, LLC.

20.    To the extent, Plaintiffs' reference of "Delia's Tamales" meant the entity Delgar Foods, LLC, Defendant is without sufficient information to admit or deny the allegations in

Paragraph 20 because the terms and phrases "managed," "operated," "handling and working on materials/goods" and "moved in or produced for commerce" are undefined and conclusory. Defendant denies the remaining allegations in Paragraph 20.

21. To the extent Plaintiffs' reference of "Delia's Tamales" meant the entity Delgar Foods, LLC, Defendant admits that she has a minority ownership interest in Delgar Foods, LLC. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant is without sufficient information to admit or deny the allegations in Paragraph 22 because the allegations are conclusory.

23. Defendant is without sufficient information to admit or deny the allegations in Paragraph 23.

24. Defendant is without sufficient information to admit or deny whether "Plaintiffs believed social security and income tax deductions from their pay . . . were being credited to their social security account and IRS accounts." Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

A. First Cause of Action Fraudulent Concealment

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

B. Second Cause of Action: Exploitation of Undocumented Immigrants/Government Records

30. Defendant denies the allegations in Paragraph 30.

31. To the extent that Plaintiffs' reference of "Delia's Tamales" meant the entity Delgar Foods, LLC, Delgar Foods, LLC received a letter from U.S. Immigration and Customs Enforcement requesting proof of certain Plaintiffs' employment authorization. The letter stated that without proof, certain Plaintiffs could not be employed by Delgar Foods, LLC. As such, Defendant admits that Delgar Foods, LLC terminated certain Plaintiffs because they could not provide proof of their employment authorization. Defendant denies the remaining allegations in Paragraph 31.

C. <u>Third Cause of Action: Violations of the Texas Civil RICO Conduct/Federal Civil RICO</u>

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36, including subparagraphs (a), (b), and (c) following Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

D. Piercing the Corporate Veil

45.     Defendant admits that Delgar Foods, LLC is a limited liability company formed and existing under the law of the State of Texas. Defendant denies the remaining allegations in Paragraph 45.

## VII.   JURY DEMAND

46.     Defendant acknowledges that Plaintiffs request a jury trial.

## VIII.   REQUEST FOR INITIAL DISCLOSURES

47.     Defendant acknowledges that Plaintiffs have requested initial disclosures and denies that such a request is proper under the Rules. Defendant will comply with this Court's order for disclosure in lieu of the request for initial disclosures in Paragraph 47.

## IX.   PRAYER

48.     The remainder of the Complaint is a prayer for relief requiring neither admission nor denial by Defendant. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief, including that identified in the prayer, and denies any allegations contained in the prayer.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Without conceding that she bears the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiffs' claims and/or damages requests, each in the alternative and to the extent necessary and applicable:

1.      Pursuant to Federal Rule of Civil Procedure 8(a), Plaintiffs have failed to plead with sufficient facts and specificity.

2.      Plaintiffs have failed to state a claim for which relief can be granted.

3. Defendant did not take actions in violation of any federal, state or local law, rule or regulation.

4. Defendant is not a proper party defendant because she has not acted in any way as to the Plaintiffs since retiring from day-to-day operations of Delgar Foods, LLC.

5. Defendant made Plaintiffs aware that she has not been involved in day-to-day operations of Delgar Foods, LLC since her retirement that is outside of the limitations period for the claims brought in this case prior to when Plaintiffs filed it. Thus, Plaintiff bring this claim solely for the purposes of harassment and Defendant intends to request fees from Plaintiffs' counsel as prevailing party and as sanctions.

6. Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring the claims alleged.

7. Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe Plaintiffs a fiduciary duty, nor did Defendant breach any alleged fiduciary duty or other duty owed to Plaintiffs, nor did Defendant commit fraud.

8. Plaintiffs' claims are barred, in whole or in part, because they have received, or were offered and refused, all payments to which they were entitled under the law pursuant to 29 U.S.C. § 216(c) or otherwise. Plaintiffs cannot seek to obtain damages for which they have already been compensated by a collateral source.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

10. The Complaint fails to state facts sufficient to support an award of actual, compensatory, punitive, exemplary or liquidated damages. Plaintiffs' claims are therefore speculative, uncertain, theoretical, and non-justiciable.

11. Plaintiffs' claims are barred because they have sustained no damages.

12. Plaintiffs' claims for damages, which are denied, were the direct and/or proximate result of one or more acts and/or omissions of Plaintiffs and/or third parties over whom Defendant exercised no control and had no duty or right to control.

13. Plaintiffs' claims are barred, in whole or in part, to the extent the alleged actions or inactions of Defendant's agents, employees or representatives, if they occurred, were not performed or taken with authority or within the course and scope of their employment for Delgar Foods, LLC.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of waiver, laches, consent, acquiescence, ratification, unclean hands, failure of conditions precedent, failure to exhaust administrative remedies, mitigation, res judicata, statute of limitations, accord and satisfaction, spoliation, lack of authority, and/or collateral or judicial estoppel.

15. Defendant reserves the right to amend this Answer, to add additional defenses or affirmative defenses, to delete or withdraw any of her defenses or affirmative defenses, to seek attorneys' fees and costs under any applicable law, and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

**PRAYER**

Defendant respectfully requests that Plaintiffs take nothing in this suit; that Plaintiffs' claims be dismissed with prejudice; that all relief prayed for by Plaintiffs be denied; and that the Court enter final judgment in favor of Defendant and against Plaintiffs on all claims. Defendant further requests that the Court award Defendant her attorneys' fees, costs of court and litigation expenses incurred in connection with the defense of this matter, as well as any other or additional relief as the Court deems just and equitable.

Dated: November 13, 2025

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas St., Ste 2100
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**ATTORNEYS FOR DEFENDANT DELIA LUBIN/GARZA**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing system on November 13, 2025.

*/s/ Lorena D. Valle*
Lorena D. Valle

17333321