United States District Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Juana Cruz, et al., | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action 7:25-0015 |
| | § | |
| Delgar Foods, Inc. d/b/a Delia's | § | |
| Tamales, et al. | § | |
|     *Defendants*. | § | |

## ORDER DENYING SUBSTITUTE SERVICE OF PROCESS

Pending before the court is Plaintiffs' Motion for Substitute Service. Plaintiff's request that service on Alberto Trevino be permitted by affixing a copy of the summons and complaint to the front door of 400 East Gardenia St, McAllen, Texas 78501.

Under Federal Rule of Civil Procedure 4(e), an individual may be served by following the law of the state in which the action is pending or where service is made. Texas law applies. Under Texas Rule of Civil Procedure 106(b), on motion, the court may allow service by: (1) leaving the citation and petition with a person over the age of sixteen at the defendant's usual place of business or abode or other place where the defendant can probably be found; or (2) in any other manner that that will be reasonably effective to give defendant notice of the suit.

The affidavit attached to the pending motion states that the process server went to 400 East Gardenia Street on multiple occasions but never encountered Trevino. ECF No. 58-1 at 1. On

November 1, 2025, the process server went to the address and a person named Garcia answered the door. *Id.* Garcia stated that he was renting the residence from Delia Garza and that he did not know Trevino. *Id.*

The only evidence before the court is that Trevino *does not* reside at 400 East Gardenia Street. Rule 106(b)(1) allows substitute service by leaving the summons and complaint with a person over age sixteen at the person's usual place of abode or where the person can probably be found. 400 East Gardenia Street appears to be neither of those. Thus, Rule 106(b)(1) is not satisfied. Moreover, affixing the complaint and summons to the front of that address will not be "reasonably effective to give [Trevino] notice of the suit," which Rule 106(b)(2) requires. The motion is therefore **DENIED**.

Signed at Houston, Texas, on November 24, 2025.

_____
Peter Bray
United States Magistrate Judge